ISABELLA PLEIMANN, Respondent, v. FRANK HAR-
TUNG et al., Appellants.

**St. Louis Court of Appeals, April 24, 1900.**

1. **Benevolent Association: BY-LAWS: HEIRS.** Where, under
the constitution of a benevolent order, money is to be paid to the
"heirs" of the deceased member, the widow and daughter are his
heirs and as such entiled to the money.

2. ———: ———: **STATUTORY CONSTRUCTION: WIDOW: PER-
SONALTY UNDER THE STATUTES OF DISTRIBUTION.** Under
our statute the word "heirs" as applied to personalty should be held
to mean those who are entitled to it, under the statute of distribution
in case of intestacy; this would include the widow, which makes her
an heir-at-law in a limited sense.

3. ———: ———: ———. In the case at bar, both under the statute
and the laws of the order, the widow and daughters were the heirs
of deceased, and they were equally entitled to the fund.

Appeal from the St. Louis City Circuit Court.—*Hon.
Pembrook R. Flitcraft,* Judge.

AFFIRMED.

*Henry Boemler* for appellants.

(1) The intention that the money should be divided
between the widow and surviving children is not in accord-
ance with the purpose of the association, or the probable
object of the applicant, and is not shown by the language of
the designation. Addison v. Commercial Travelers' Ass'n,
144 Mass. 591; s. c., 12 N. E. Rep. 407; Hall v. Hall, 140
Mass. 267. (2) The contract made by Henry Ringwald with
the association was for the benefit only of his widow. It
was not within the scheme of the association to make pro-
vision for the benefit of estates, or heirs, which is the same

thing.    Elsey v. Ass'n, 142 Mass. 224; Briggs v. Earl, 139
Mass. 473.    (3) The widow comes within the class of per-
sons for whom the fund was established.    She is a widow,
is a member of the family of the deceased, and dependent
upon him.    Her claim to the fund is perfect.    It is the duty
of the court to construe the rules and regulations liberally
to effect the benevolent purpose of the order, and in no case
so to construe them as to defeat such purpose, unless the
meaning of such rules and regulations is so clear and certain
as to admit of no other reasonable constructions.    Ballone
v. Gill, 50 Wis. 614; Schunck v. The S. W. & W. F., 44
Wis. 369.

*Sloan Pitzer* for respondent.

(1) The judgment of the circuit court should be affirm-
ed, for the reason that article 5, section 1, provides that the
sum shall go to the relatives, or heirs; and, as there are three
relatives, or heirs, each should get one-third, or $100, and,
as Sophia Pliemann assigned her share to Isabella Pliemann,
said Isabella is entitled to two-thirds, or $200, the amount
of the judgment.    The second clause, or paragraph 2,
merely designates, or points out, who shall be relatives, or
heirs.    The courts all hold that the construction placed on
by-laws of unincorporated societies should be the same as
that placed on wills.    The supreme court of Michigan has
said:    "The same rules of construction should be applied
to dispositions of property created by those mutual benefit
associations as are applied to bequests by will."    Union
Mutual Aid Ass'n v. Montgomery, 38 N. W. Rep. 588; 14 W.
Rep. 877; Bacon on Benefit Societies (Ed. 1888), sec. 255.
(2) As to the manner of bringing and enforcing claim, see:
Hammerstein v. Parsons, 38 Mo. App. 332.    The cases
cited in appellants' brief are not in point, as they are cases

in which the word "family" were used in certificate issued. In this case there is no certificate, and only the by-laws to govern.   McDermott v. Life Ass'n, 24 Mo. App. 73.

BIGGS, J.—The St. Louis Bier Brauer Unterstutzungs Verein is a voluntary benevolent association.   Its chief purpose is to establish and maintain a sick and death benefit fund.   The constitution of the order provides that upon the death of a member in good standing three hundred dollars shall be paid to the "relatives or heirs" of the deceased member.   Paragraph two of the constitution undertakes to define the phrase "relatives and heirs."   It reads "as relatives or heirs shall be regarded: the wife, children, parents, and sisters and brothers or persons who are entitled thereto by reason of a will," etc.   It is conceded that Henry Ringwald was a member of the order in good standing at the time of his death.   He left surviving him his widow Barbara Ringwald and two daughters, Isabella and Sophia Pliemann. The widow claimed the entire amount due from the order, and the two daughters contended that each of them was entitled to an equal share with her.   Sophia assigned her claim to Isabella, and the latter brought the present suit in which the widow was made a party, praying for a decree or judgment against the officers of the society for the sum of two hundred dollars.   The trustees of the company answered that they had theretofore paid to the widow one-third of the amount, and asked leave to pay the balance into court and be discharged.   Barbara Ringwald answered that under the foregoing section of the constitution of the society she was entitled to all the fund.   There was no dispute as to the facts.   The cause was submitted to the court and the finding was for the plaintiffs.   The defendants have appealed.

The judgment of the circuit court is right.   Under the constitution of the order the money was to be paid to the

"heirs" of the deceased member, and under it the widow and the daughter of Ringwald are his heirs. At common law the person appointed by law to succeed the real estate of the deceased is regarded as the heir in the primary sense of that word. Under this rule the daughters only would be heirs as they would take the real estate of their ancestor. But under our statute the word "heirs" as applied to personalty should be held to mean those who are entitled to it under the statute of distributions, in case of intestacy. This would include the widow, which makes her an heir at law in a limited sense. Thus both under the statute and the laws of the order the widow and the daughters were the heirs of Ringwald, and they were equally entitled to the fund. This was the view adopted by the trial court and its judgment will be affirmed. All concur.