BROWN et al., Appellants, v. ESTATE OF JAS. F. TUCKER, deceased; DOERR, Administrator, Respondent.

St. Louis Court of Appeals, Argued January 25, 1909, Opinion filed February 23, 1909.

HUSBAND AND WIFE: Dower: Election. Where a husband dies childless, his widow, under section 2939, Revised Statutes 1899, may take one-half of his personal property subject to the payment of his debts and is not required, in order to do so, to file her election according to the provision of section 2943; the election required by that section relates only to dower proper and does not apply to personal estate.

Appeal from Perry Circuit Court.—*Hon. Chas. A. Killian,* Judge.

AFFIRMED.

*T. B. Whitledge* for appellant.

(1) The widow must have filed her election in order to have been entitled to one-half of personal estate. R. S. 1899, secs. 2939, 2942, 2943; Bryant v. Christian, 58 Mo. 98; Griffith v. Canning, 54 Mo. 282. (2) The doctrine is: That when an election creates an interest, nothing will pass until an election is made. Hamilton v. O'Neil, 9 Mo. 11; Matney v. Graham, 50 Mo. 564; Bradford v. Wolf, 103 Mo. 398. (3) The right of election is wholly the result of statutory enactment and the statute must be strictly complied with. Kemp v. Hobland, 10 Mo. 255; Welch v. Anderson, 28

Mo. 296; Price v. Woodward, 43 Mo. 247; Patrick v. Fauke, 45 Mo. 313; Allen v. Harnet, 116 Mo. 278. (4) An election is required for personal estate, as well as real estate. Bryant v. Christian, 58 Mo. 98; Hill v. Evans, 114 Mo. App. 719.

*Edward Robb* for respondent.

(1) The widow was entitled to one-half of the personal estate by virtue of the statute (R. S. 1899, sec. 2939) and it was not necessary for her to file an election under section 2943. The latter section was only intended to apply where the widow elected to take a different estate in real estate from her statutory or common law dower of one-third part for life. Haniphan v. Long, 70 Mo. App. 352; Kelley's Probate Guide (2 Ed.), sec. 473; R. S. 1899, secs. 2908, 2933, 2935-2943. (2) The words "dower" and "endowed" used in sections 2942 and 2943, R. S. 1899, have reference to real estate alone. R. S. 1899, sec. 4160; Perry v. Strawbridge, 209 Mo. 639; Keeney v. McVoy, 206 Mo. 66; Wash v. Wash, 189 Mo. 352. (3) The estate which the widow takes by election is not dower. McFadden v. Board, 188 Mo. 692; Quail v. Lomas, 200 Mo. 686; Wigley v. Beauchamp, 51 Mo. 544. Sections 2938 and 2939, Revised Statutes 1899, are construed and held to be companion statutes—the rights given the widow under section 2939 being identical with those given the husband under section 2938. As the husband is not required to elect it must follow that no election is required by the widow. Waters v. Herboth, 178 Mo. 166; Von Arb v. Thomas, 163 Mo. 33; Gilroy v. Brady, 195 Mo. 209.

REYNOLDS, P. J.—One James F. Tucker, late of Perry county, died on the —— day of July, 1905, in Perry county, intestate, leaving surviving him his widow, Margaret Tucker, but no children or descen-

dants of children. On the tenth of July, 1905, Margaret Tucker filed her relinquishment of the right to administer on his estate, and on the same day Andrew Doerr, was, by the probate court of said Perry county, appointed and duly qualified as administrator of the estate. Margaret Tucker never executed or filed any instrument in writing electing to take one-half of the real and personal property, provided for by sections 2939 and 2943, Revised Statutes 1899. James F. Tucker owned, at the time of his death, a house and lot in Perryville, Missouri, worth about $1,200 which was the only real estate he owned, and which it seems goes to his widow as the homestead, and was also possessed of personal property of the value of about $2,700. The administrator made his final settlement in the probate court November 23, 1907, showing $1,745.45, as due the estate and subject to distribution and the probate court on the same day made an order of distribution of said amount of $1,745.45, allowing to Margaret Tucker, as widow of James F. Tucker, $672.72, being one-half of the above sum of $1,745.45, after deducting $400 theretofore paid her as the widow's absolute property. The appellants filed their objections to this, which objections being overruled, the appellants perfected their appeal to the circuit court in due form. The case coming up for trial in the circuit court, by stipulation of parties, was submitted to the court upon an agreed statement of facts, setting them out substantially as above. The objection urged and passed on by the circuit court rests upon the right of the widow to take one-half of the personal estate, she never having executed or filed her election under sections 2939 and 2943. The circuit court, overruling the objection, approved the order of distribution and final settlement, as made by the probate court, by which the widow was allowed one-half of the personal property. Thereupon the appellants duly perfected their appeal to this court.

On this state of facts we think the action of the probate court and of the circuit court was correct.

Counsel for appellants has submitted a very readable brief, supplemented by argument at the bar, representing an elaborate disquisition on the philological meaning of the words "dower" and "endowed," claiming that the latter term, used in section 2943, has no technical meaning, and that we must resort to the dictionary to ascertain its usual and commonly accepted meaning. He thereupon cites the lexicographers as defining it to mean—"furnished with a portion," while "dower" is defined, primarily, as "endowment; gift"; secondly, "that which a wife brings to her husband in marriage; dower"; thirdly, "that portion, usually one-third, of a man's lands and tenements to which his wife is entitled after his death to hold for her natural life."

All this is for the purpose of proving that unless the widow files her election under section 2943, and does so within the time required by that section, she loses her right to take one-half of the personal property of her childless husband, as she may do under the second clause of section 2939, that clause providing that when the husband shall die without any child or other descendants in being, capable of inheriting, his widow shall be entitled "to one-half of the real and personal estate belonging to the husband at the time of his death, absolutely, subject to the payment of the husband's debts." Section 2943, provides that unless the widow files her election within twelve months after the grant of letters testamentary or of administration, "she shall be endowed under the provisions of sections 2933, 2935 and 2936." Section 2933 relates to dower as at common law—dower in real estate. Sections 2935 and 2936, speaking somewhat broadly, subject lands under contract by the husband, that is, the husband's interest in realty, to dower. It is hardly to be supposed, therefore, that when the lawmakers, by section 2943, remitted the widow to dower proper—that is her interest

in the realty—on her failure to elect, that they had in mind the interest in the personal estate which section 2939 gives her. When she is to be "endowed" under the three sections, she is dowered of the realty. It is to be noted that when the widow elects under section 2943, she must do so by an instrument executed and recorded under all the formalities of a deed to real property. The reason for that is apparent; her election affects the title to realty. No such reason can apply to her interest in the personalty. Our conclusion is, that when a widow shall only be entitled to dower, as provided by sections 2939, 2940 and 2941, which are "the three preceding sections" to section 2942, unless she has elected to take otherwise within the time and in the manner pointed out in section 2943, that the election required relates only to dower proper—that is, her interest in the realty, and that it does not apply to the personal estate. Under section 2939, she takes one-half the latter, subject, however, to the payment of the debts of the husband, without any election. This provision, that she takes subject to the payment of her husband's debts, is somewhat suggestive, as indicating that what the widow takes under section 2939 is not dower—for dower was always taken free of the husband's debts. That, however, we need not elaborate.

The judgment of the circuit court is affirmed. All concur.