BENJAMIN F. SPARKS, Executor, Appellant, v. G. B. DORRELL, Administrator et al., Respondents.

Springfield Court of Appeals, November 10, 1910.

1. **DESCENT AND DISTRIBUTION:** Husband and Wife: Rights of Widow: Election: Wills. The statutes of this state make no specific provision that the widow shall make an election in any case in which she claims a right to personal property in the estate of her deceased husband. The statutes are confined exclusively to her interest in real property, and their effect is to change the rule of the common law in cases of devise of real estate.

2. ———: ———: ———: ———: Personal Property. Where a husband dies childless, his widow, under section 2939, Revised Statutes of 1899, may take one-half of his personal property, subject, to the payment of his debts, and is not required, in order to do so, to file her election according to the provisions of section 2943. The election required by that section relates only to dower proper, that is, dower in real estate, and does not apply to the personal estate.

3. **PERSONAL PROPERTY:** Wills: Husband and Wife: Rights of Widow. The beneficent spirit of the common law remains in full force and effect so far as it relates to the right of the widow to personal property under bequest from her husband. So unless the intention of the testator is expressed in his will to exclude the widow's rights in other personal property, they will not be excluded, and she can claim both the benefits given her by the law and those given her by her husband's will.

4. **DOWER:** Wills: Real Property. At common law a devise of real estate by a husband to his wife was held to be in addition to dower, unless the terms of the will expressed or necessarily implied the intention to exclude the right of dower. This rule of the common law as to real estate has been changed by statute.

5. **WILLS:** Devise to . Widow: Dower: Election. A husband, dying childless, had devised all his real estate and $15,000 in cash, being one-half of his personal estate, to his wife. Other bequests were made amounting to about $6000 of his personal estate. The residue, undisposed of by will, amounted to about $9000. The widow claimed one-half of the intestate prop-

erty. *Held*, that it was manifest from a fair construction of all the terms of the will that the testator intended the bequest to the widow to be in lieu of dower and of her statutory rights in the personal property, and that the widow must make her election and she cannot claim under the will and also claim the property or dower as allowed by law.

6. ———: ———: ———: ———. Where the provisions of the will of a deceased husband are inconsistent and incompatible with the widow's claim of statutory dower, and the provisions as to other legacies would be totally defeated if she were endowered under the statutes with one-half of the personal estate, and also allowed to take under the will; the widow will be put to her election, and where she has elected, as in this case, to take under the will, she will be held to have received her full amount of her husband's estate, and will not be permitted to share in any of the property undisposed of by the will.

7. ———: **Election.** The doctrine of election as applied to wills is founded upon the principal of equity jurisprudence, that one who is the recipient of a beneficial interest under the will is assumed to have ratified its other recitals; that a devisee cannot take under the will and against it, but is put to an election. The principle as thus announced is that he who accepts a benefit under a will must adopt all its contents and conform to all its provisions, and renounce every right incompatible or inconsistent with it.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*H. E. Howell* for appellant.

(1) Simcox having died intestate as to the residue in controversy it descended to his heirs. "Subject to the payment of his debts and the widow's dower." R. S. 1899, sec. 2908; Hoyt v. Davis, Admr., 21 Mo. App. 240. (2) The moment Simcox died the title to one-half of this residue vested in his widow by statute (subject to debts), R. S. 1899, sec. 2939; Nickerson, Admr., v. Bowley, Ex., 8 Metc. 432; O'Brien v. Ash, 169 Mo. 296; Waters v. Herboth, 178 Mo. 171; Spurlock v. Barnett, 183 Mo. 531; Lilly v. Menke, 143 Mo. 137. (3) Roper

on Legacies, p. 1581 (1848) says of "The Requisites Essential to Election," "In order to impose upon a party claiming under a will the obligation of making election, the intention of the testator must be expressed or clearly implied in the will itself in two respects: First, to dispose of that which is not his own; and secondly that the person taking the benefit under the will should take under the condition of giving effect thereto; or in other words, that the person taking should relinquish any inconsistent right; for if such intention be not clear, the person taking the benefit under the will will not be obliged to make election between that benefit and his own independent right." Linell's Adm. v. Linell, 21 N. J. Eq. 81; Adsit v. Adsit, 2 Johns Ch. 450; Orth v. Haggerty, 126 App. Div. Sup. Ct. N. Y. 122; Schwatken v. Daudt, 53 Mo. App. 3; Church v. Bull, 2 Denio 430, 43 Am. Dec. 754; Nelson v. Pomeroy, 64 Conn. 257, 29 Atl. 534; Konvalinka v. Schlagel, 39 Hun. 451, 58 Am. Rep. 494; Waugh v. Riley, 68 Ind. 482; Hasenritter v. Hasenritter, 77 Mo. 162; Bryant v. McCune, 49 Mo. 547.

*G. A. Watson, G. W. Goad* and *L. M. Haydon* for respondent.

(1) H. M. Simcox, by his will gave to his widow a portion of his estate equal to or greater than that given to her by the law, she takes under the will such share of his estate as she would take had he died intestate and she is not entitled to dower or any substitute for dower in addition thereto. Stoepler v. Silberberg, 220 Mo. 258; Pemberton v. Pemberton, 29 Mo. 408; Schorr v. Etling, 124 Mo. 42; Ball v. Ball, 165 Mo. 312; Schwatkin v. Daudt, 53 Mo. 1; Glenn v. Gun, 88 Mo. App. 423; Davidson v. Davidson, 86 Mo. 440; Kais v. Gross, 92 Mo. 659; Burgiss v. Boles, 99 Mo. 510; Young v. Boardman, 97 Mo. 181; Bryant v. Christain, 58 Mo. 98; Matter of Estate of Gotzain, 30 Minn. 159, 57 Am. Rep. 43. (2) The same person cannot hold under and against

the will. It is manifest from the face of the will, that H. M. Simcox did not intend the provision it contains for his widow in addition to dower. 1 Pomeroy's Equity, 540; Worthen v. Pearson, 33 Ga. 385, 81 Am. D. 213; Hamilton v. Buckwalter, 2 Yates 389, 1 Am. D. 350; Schley v. Collins, 13 L. R. A. 567; Smith v. Butler, 85 Tex. 126, 19 S. W. 1083; Skaggs v. Deskin (Tex.), 66 S. W. 793; White v. White, 1 Harrison 202 (N. Y.) 31 Am. D. 232; Goodman v. Converse (Neb.), 61 N. W. 756; Callahan v. Robinson (S . C.), 3 L. R. A. 497. (3) The property undisposed of by the will of H. M. Simcox descends to his heirs under the law of descent and distribution. R. S. 1899, sec. 2988; Hurst v. Von De Veld, 158 Mo. 239; Watson v. Watson, 110 Mo. 170; Telow v. Dougherty, 205 Mo. 315; Payne v. Payne, 119 Mo. 179; Peuguet v. Berthold, 183 Mo. 61; Todd v. Gentry, 109 Ky. 707, 60 S. W. 639; 30 Am. and Eng. Ency. of Law, 817; 18 Am. and Eng. Ency of Law, 760; Walker v. Bobbitt, 114 Tenn. 700, 88 S. W. 327; Brawford v. Wolf, 103 Mo. 398. (4) The widow of H. M. Simcox, deceased, was not entitled to dower under the first section of the dower act (section 2933, R. S. 1899) for the reason that the will of H. M. Simcox passed real estate to his said widow. And under the statute (Section 2948, R. S. 1899) she must renounce the will as a condition precedent to being endowed under said first section (Section 2933) of the dower act. McKee v. Stuckey, 181 Mo. 719; Kaes v. Gross, 92 Mo. 647; Dougherty v. Barnes, 64 Mo. 159; Grant v. Henley, 64 Mo. 162; Young v. Boardman, 97 Mo. 181; Eggar v. Eggar, 123 S. W. 928. (5) The said widow now being entitled to dower under said first section (2933) of the dower act—(which is called her common law dower) —She is not entitled to that which is given in lieu thereof; namely, one-half absolutely of the entire estate subject to debts by virtue of sec. 2939 of the dower act (called her election dower). Hamilton v. O'Neal, 9 Mo. 11; Welch v. Anderson, 28 Mo. 293; Bradford v.

Wolfe, 103 Mo. 391; Newton v. Newton, 162 Mo. 173; Van Arb v. Thomas, 163 Mo. 33; Hockensmith v. Hockensmith, 57 Mo. App. 374; Chinn v. Stout, 10 Mo. 709; Bryant v. Christain, 58 Mo. 98; Brown v. Tucker Estate, 135 Mo. App. 598; Haniphan v. Long, 70 Mo. App. 351; Hoyt v. Davis, 21 Mo. App. 235; Ellis v. Ellis, 119 Mo. App. 63.

STATEMENT.—On the 13th day of March, 1909, respondents filed in the probate court of Greene county, Missouri, their petition in which they asked for legacies and distribution of the estate under the will of H. M. Simcox, deceased. In said petition, they set out that more than a year had elapsed since letters of administration were granted on the estate; that other bequests under the will had been paid out of the said estate, enumerating them; that the legality of the bequests and legacies to the said Lulu Simcox and G. B. Dorrell is questioned and controverted and not finally determined by the courts; that after the payment of the bequests and legacies named in the will, there will remain assets in the hands of the administrator of said estate, the disposition of which is not provided for in said will. The petition then enumerated the heirs at law and their interests. That the said Dorrell, one of petitioners, has acquired all the right, title, interest and estate in and to the said estate of H. M. Simcox, deceased, of certain enumerated parties. That there is money and assets in the hands of the said administrator sufficient to pay all debts, legacies and expenses and to make a partial distribution to the heirs at law of said estate of the money and other assets thereof. The prayer of the petitioners was that the court ordered the payment of legacies, and that there be distributed among the lawful heirs moneys and other assets on hand and avail-

able for distribution. Benjamin F. Sparks, executor of the estate of Lulu Simcox Howell, deceased, also filed a petition, joining with the petitioners in praying for a distribution, but asked what he claimed the widow's estate was entitled to receive.

Upon trial in the probate court, judgment was given in favor of the petitioners, G. B. Dorrell and others, but against Benjamin F. Sparks. Thereafter, said Sparks as executor of the estate of Lulu Simcox Howell, perfected an appeal to the circuit court of Greene county, Missouri, Upon trial anew before the circuit court, the issues were found in favor of the defendants and against the appellant, Benjamin F. Sparks, and the court refused to order the payment of any part of the surplus of the estate of H. M. Simcox to said Sparks as executor of the estate of Lulu Simcox Howell. Benjamin F. Sparks thereupon perfected his appeal to this court.

. Upon the hearing before the circuit court of Greene county a stipulation entered into between the parties was filed wherein it was agreed that for the purposes of this suit the value of the personal estate of H. M. Simcox at the time of his death was thirty-thousand dollars and the value of his real estate was three-thousand dollars. The stipulation contains a copy of the last will of H. M. Simcox in which the following provisions, among others, appear:

"Second. I give, devise and bequeath to my wife, Lulu Simcox, all of my real estate, consisting of my home place and vacant lots located in the city of Republic, Missouri, the same to be held and owned by her absolutely.

"Third. I give, devise and bequeath to my wife, Lulu Simcox, all of my household and kitchen furniture.

"Fourth. I give, devise and bequeath to wife, Lulu Simcox, the sum of fifteen thousand dollars ($15,000) in cash."

The will also contains the following bequests: To Ralph W. Simcox, nephew, $1000 in cash; to Mary Wittaker, sister, $500 in cash; to Dr. G. B. Dorrell, $2000 in cash and a horse valued at $100, to Wm. Simcox, nephew, $500 in cash; to J. C. Zink, nephew, $500 in cash; to W. T. Zink, nephew, $500 in cash; to Margaret Newall, niece, $500 in cash; to three sisters of first wife, the first wife's wearing apparel, pictures, books, etc., (appraised at $35.00); to Maple Park Cemetery Association, $50 in cash. Testator named his wife, Lulu Simcox, and Dr. G. B. Dorrell as executrix and executor of his will.

The stipulation further recites that according to the inventory and appraisment of the estate of H. M. Simcox, "his estate consisted of four lots and a tract 329 feet by 152 feet and 1-42 interest in two other lots all in the town of Republic, a cemetery lot in Springfield, all in Greene county, and a lot in Roosevelt, Oklahoma, and personal property (nearly all notes and mortgages.) That Lulu Simcox took possession of said real estate under the will, applied for and received the $15,000 legacy in said will and household goods appraised at $398 bequeathed to her in said will and $800 allowed her by the probate court for the first year's support and the statutory allowance of $400. That after the payment of all legacies and everything disposed of in said will and the expenses of administration, there remains undisposed of by said will a residue in said estate of personal property as to which said H. M. Simcox died intestate, amounting for distribution at this time to $2500 . . . . that said H. M. Simcox died without leaving any child or other descendants in being capable of inheriting from him; that no real or personal estate came to him, the said H. M. Simcox, in right of his marriage, and no personal property came to his possession with the written assent of his said wife; that said Lulu Simcox filed her election in the probate court and recorder's office

of Greene county, Missouri, which is in words and figures as follows:

"'Know all men by these presents that whereas H. M. Simcox, late of Greene county, deceased, by the provisions of his last will and testament (which was probated on the 16th day of March, 1907, in the Greene County, Missouri, Probate Court) disposed of a part only of his estate both real and personal belonging to him at the time of his death, and as to the residue of his estate not devised, bequeathed or disposed of by him in his said will he died intestate without any child or other descendants in being capable of inheriting: Wherefore, I, Lulu Simcox, widow of H. M. Simcox, deceased, do take and accept the provisions made for me in said will as to all of said estate disposed of by the provisions of said will and I elect to take all the real and personal estate which came to the said H. M. Simcox, deceased, in right of our marriage and which was not disposed of by said will and all personal property of my husband which came to his possession with my written consent remaining undisposed of by said will or otherwise, absolutely, not subject to the payment of my said husband's debts; and one-half of the real and personal estate belonging to my said husband at the time of his death which he did not dispose of by the provisions of his said will, absolutely subject to the payment of his debts in the lieu of dower of the one-third part of all lands not disposed of by said will whereof my said husband or any other person to his use was seized of an estate of inheritance at any time during our coverture to hold and enjoy during my natural life.'" (Signature, etc., omitted.)

The stipulation concludes as follows: "That letters of administration were issued on the estate of H. M. Simcox, deceased, on March 16, 1907, to G. B. Dorrell, executor, and Lulu Simcox, executrix; that G. B. Dorrell resigned as said executor on May 13, 1907;

that Lulu Simcox resigned as said executrix November 2, 1907, and G. B. Dorrell was appointed administrator de bonis non of said estate; . . . . Since judgment of probate court G. B. Dorrell has acquired the interest of Jane Daily, Stella M. Gamble, Maud Blair, Harry Falk, Linda E. Smith and Margaret E. Sponsler; that said Lulu Simcox was married to one C. A. Howell on the 17th day of May, 1908, and she died at her home given to her in said will at Republic, Mo., on March 15, 1909; that said C. A. Howell before his said marriage by marriage contract duly executed and acknowledged for a valuable consideration waived and relinquished all of his interest in his said wife's estate during her life and after her death; that said Lulu Simcox Howell when she died left a will which was duly probated in which her brother, Benjamin F. Sparks, was appointed her executor and letters of administration were duly issued to him as executor of said Lulu Simcox Howell, deceased's estate on the 13th day of March, 1909, who was duly qualified and is acting as said executor; that no part of said residue of said Simcox estate has been received by said Lulu Simcox Howell in her lifetime or by her said executor since her death; that legal notice of the application and order of distribution prayed for in this cause by said administrator of the estate of H. M. Simcox, deceased, was duly given."

Upon the trial in the circuit court, appellant asked and the court refused to give the following declarations of law:

"2. That the executor of Lulu Simcox Howell, deceased, is entitled to one-half of the residue of the personal property of the estate of H. M. Simcox, deceased not disposed of by his will, after paying all debts and legacies mentioned in his will and expenses of administration the same as if he had made no will.

"3. To entitle the executor of Lulu Simcox Howell, deceased, to one-half of the residue of the

estate of H. M. Simcox, deceased, under section 2939, Revised Statutes 1899, as to which said Simcox died intestate it being all personal property it was not necessary for said Lulu Simcox Howell to make an election under section 2941 nor 2943 of Revised Statutes 1899, to make the provisions of said section 2939.

"4. A testator cannot by words in his will, however strong, deprive his widow or children of their statutory rights to his property not disposed in his will; and although the court may believe from the evidence and construction of the will of Simcox, that the legacies therein to the widow were in lieu of her one-half of the property devised or bequeathed in said will, yet such legacies were not in lieu of her one-half of the personal property as to which he died intestate and never attempted to dispose of in his will."

The court, at appellant's request, declared the law as follows:

"1. That H. M. Simcox, deceased, died intestate as to all property not devised or bequeathed in his will.

"5. When a devise of real estate and bequest of personal estate will bar dower in the personal estate in this state when the testator has disposed of all of his property by will, is to be determined by the rules of the common law, and to bar Mrs. Simcox of her dower in the personal property disposed of by H. M. Simcox in his will it must clearly appear from the language of the will itself that the testator intended to so bar her; and if such intent is not clear or is doubtful then she is not barred as dower is favored in law."

NIXON, P. J.—The question involved in this case is whether, under the facts and circumstances presented by the record, the representative of the widow of H. M. Simcox, deceased, is entitled to take the personal property provided by the will of H. M. Simcox and also

statutory dower under section 2939, Revised Statutes 1899, or whether the two rights are so inconsistent and incompatible as to require an election by the widow. Section 2948, Revised Statutes 1899, provides that if any testator shall by will pass any *real estate* to his wife, such devise shall be in lieu of dower out of the real estate of her husband. It is apparent on the face of this statute that its provisions are restricted to real estate and in no wise impair any rights that the widow may have in the personal property of the testator. This section is followed by section 2949 which provides for an election on the part of the widow by a renunciation of the provisions of the will, provided she desires to be endowed otherwise then under the terms of her husband's will. Section 2933 is a provision for the widow's dower and enacts that she may be endowed of a third part of all the lands whereof her husband died seized. This is a provision which protects what is called her common law dower in real estate, and has no relation whatever to any dower or other right of the widow in the personal estate of her deceased husband. Under the provisions of section 2939, the widow, in case the husband dies without children, may be endowed, first, of all the real and personal property which came to him in right of the marriage, and the personal property which came to him with the written assent of the wife undisposed of; second, to one-half of the real and personal estate belonging to the husband at the time of his death, absolutely, subject to the payment of her husband's debts. Section 2941 provides for an election by the widow by virtue of which she is allowed to take her dower as provided in section 2933—which is a dower in real estate—discharged of debts, or, under the provisions of section 2939, that is, one-half of the real and personal estate, absolutely, subject to the payment of the husband's debts.

None of the enumerated sections of the statutes make any specific provision that the widow shall make

an election in any case in which she claims the right to personal property in her husband's estate. They are confined exclusively to her interests in real property, and the effect is to change the rule of the common law in cases of devise of real estate. At common law, a devise of real estate by a husband to his wife was held to be in addition to dower unless the terms of the will expressed or necessarily implied the intention to exclude the right of dower. This rule of the common law as to real estate was changed by the provisions of our statutes. [Schorr v. Etling, 124 Mo. l. c. 46, 27 S. W. 395.] But as to the personal property, the beneficent spirit of the common law remains in full force and effect. It follows that unless the intention of the testator is expressed in his will to exclude the widow's rights in other personal property, they will not be excluded, and she can claim both the benefits given her by the law and those given her by her husband's will. Where a husband dies childless, his widow, under section 2939, Revised Statutes 1899, may take one-half of his personal property, subject to the payment of his debts, and is not required, in order to do so, to file her election according to the provisions of section 2943. The election required by that section relates only to dower proper, that is, dower in real estate, and does not apply to the personal estate. [Brown v. Tucker Estate, 135 Mo. App. 598, 117 S. W. 96.]

In the case at bar the executor of the estate of Lulu Simcox Howell made claim in the probate court for the entire estate, personal and real, of H. M. Simcox, deceased, claiming both under the will and under the law. But, after the appeal, when the case was tried in the circuit court, the executor amended his petition and changed his claim to one-half of the intestate property. While the change of the petition bespeaks the modesty of the claimant, it does not change the law or in any way impair the rights of the deceased widow. If the right was given her by the statute, sec-

tion 2939, to one-half of the entire estate of her deceased husband, by reason of his dying childless, subject to debts, then such right became vested, whether he died testate or intestate, and could not be shifted by any election to take only one-half of the personal property not disposed of by will, as the election that the widow was required to make is between rights, not between benefits. The will under consideration makes no provision that the legacies given to the widow, or other provisions in the will for the widow, should be in lieu of statutory dower or otherwise. The question, therefore, whether the bequests made to her are a bar to her right to dower in the residue of the personal property must depend upon the meaning and intent of the will of the husband upon consideration of all its provisions. If it is manifest from a fair construction of all its terms that the testator intended the bequests to be in lieu of dower, then the widow must make her election, and she cannot accept the bequests under the will and also claim dower as allowed by law. [Pemberton v. Pemberton, 29 Mo. 408.] In the Pemberton case, Judge SCOTT approvingly quoted the language of Judge MARSHALL: "It is a maxim of a court of equity not to permit the same person to hold under and against a will. If, therefore, it be manifest, from the face of the will, that the testator did not intend the provision it contains for his widow to be in addition to dower, but to be in lieu of it; if this intention, discovered in other parts of the will, must be defeated by the allotment of dower to the widow, she must renounce either her dower or the benefit she claims under the will." The doctrine of election as applied to wills is founded upon the principles of equity jurisprudence that one who is the recipient of a beneficial interest under a will is assumed to have ratified its other recitals; that a devisee cannot take under the will and against it, but is put to an election. The principle as thus announced is, that he who accepts a benefit un-

der a will must adopt all its contents and conform to all its provisions and renounce every right incompatible or inconsistent with it. [Story's Equity, section 1077; 7 German on Wills, 386; Schley v. Collis, 13 L. R. A. 567; Hasenritter v. Hasenritter, 77 Mo. 162.]

H. M. Simcox left an estate consisting of personal property of the value of $30,000, and real estate, including the homestead, of the value of $3000. By his will H. M. Simcox devised all his real estate, valued at $3000, and bequeathed household goods and other property valued at $398, and $15,000 cash to his widow, Lulu Simcox, a total of $18,398. Other bequests were made as follows: To G. B. Dorrell, son-in-law, $2000, and a horse appraised at $100, to Ralph Simcox, nephew, $1000; to Mary Whittaker, sister, $500; to William Simcox, nephew, $500; to J. C. Zink, nephew, $500; to W. T. Zink, nephew, $500; to Margaret Newall, niece, $500; to Maple Park Cemetery, $50; and property consisting of former wife's clothing, pictures, etc., to three sisters of former wife, appraised at $35; total $5685; making a total devised and bequeathed of $24,083, or leaving a residue of $8917 undisposed of by said will, subject to the costs of administration and the widow's $400 statutory allowance and her one year's support. On application made by the widow, soon after her appointment as executrix, the following property was claimed by and delivered to her under and by virtue of terms of the will: All the real estate, valued at $3000; legacies under the will, $15,000; legacy, household goods, etc., $398; statutory allowance, $400; allowance for one year's support, $800; total received by the widow, $19,598. It appears from this statement that the total personal estate of the testator was $30,000; that the specific legacies and bequests to parties named in the will other than the wife was $5685; that the widow received out of the personal estate in bequests made to her by her husband, together with other allowances, $16,598. If, in addi

tion to this, she be allowed to take under section 2939, Revised Statutes 1899, the full one-half of his personal estate, absolutely, subject to debts, she would receive in addition to what was given her under the will a further sum of $15,000, making a total amount of $31,598, or the sum of $1598 more than the entire personal estate, without deducting any sum for costs of administration. Under this condition of the estate, it is apparent that if this rule of construction of the law should be applied and enforced, the other legatees enumerated in the will (by which will the testator bequeathed other specific legacies amounting to $5685) would receive nothing by its provisions, and to that extent the full operation of the will of the testator would be impaired and defeated. We therefore find that some of the provisions of the will are absolutely inconsistent and incompatible with the widow's claim of statutory dower, and that its provisions as to other legacies would be totally defeated if she were endowed under the statute with one-half of the personal estate and also allowed to take under the will. The provisions of the will and allowances of the statute as to dower (section 2939) being inconsistent, the widow was put to an election between the two, and having elected to take under the will, she has received her full share of her husband's estate given her by the law.

The judgment of the trial court, being for the right party, it is hereby ordered that it be affirmed. All concur.