EDWARD BURR et al., Appellants, v. BENJAMIN
S. BURR et al., Respondents, and KATHRYN M.
BURR, Appellant.

**St. Louis Court of Appeals, February 6, 1912.**

1. **TRUSTS: Trust Deed: ·Rules of Construction.** In construing
a deed making a conveyance to uses, the "polar star" by which
the court is to be guided is the intention of the grantor.

2. ————: ————: **Estate not of Inheritance: Trust Deed Con-**
**strued.** The owner of all the capital stock and bonded in-
debtedness of a corporation executed a deed of trust, conveying
all said property, except two shares of the capital stock, to
trustees in trust for her children, to continue for twenty years,
or until her death, if she should live longer than twenty years,
during which time the profits should be paid to her, and, in the
event she should die before the expiration of that time, the
profits should be paid to her children or to their respective
heirs at law, when not otherwise provided for in the deed.
She specially provided for the interest in the trust to ultimately
go to one of her daughters, and then declared that in case of
the death of any of the other children before the expiration
of the trust, his or her interest should vest in his or her heirs
at law, but that neither the children nor their heirs, during
the continuance of the trust, should be authorized to sell their
respective interests, etc. After the death of the grantor, one
of her sons died testate, leaving a widow but no children, and
devising all his property to his widow. In a suit by the trustees
to construe the deed, *held* that the children did not take an
estate of inheritance under the deed, and hence that the widow
of the deceased son took no interest in the trust estate under
his will.

3. ————: ————: **Trust Deed Construed: Interest of Widow**
**as Heir.** The words "heirs at law," as used in such deed, were
intended only as a designation of the parties who should stand
in the place of the deceased child, and the grantor merely meant,
by the use of them, that while the parties who were to take
the interest of a deceased child should take under the deed
and not under the law, yet the parties so taking should be
the same persons as are designated by the law to take personal
property when the owner thereof dies intestate; and hence it is
*held* that one half of the interest of the deceased son passed
to his widow, under section 351, Revised Statutes 1909, and the
other half to his brothers and sisters, and that no part of it
passed to his personal representative.

4. **CONVEYANCES: Wills: Construction: "Heirs."** The term "heirs" or "heirs at law," when used in a technical sense, applies only to those persons who, under the law, would inherit real estate from an ancestor, and has no application to personal property; but even in the disposition of real estate by will, that term has often been held, by reason of the terms of the will, to have an entirely different meaning from its technical legal meaning, and in the construction of instruments relating to personal property, the tendency has been to broaden its meaning and make it apply to persons not included within its technical definition whenever it is necessary to do so to effectuate the purposes for which the instrument was executed.

5. **DOWER: Rights of Widow Under Section 351: Heir of Husband.** The widow of a husband who died without leaving any children or other descendants is to be regarded, in a limited sense, as the heir of her husband as to personal property, under section 351, Revised Statutes 1909.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

REVERSED AND REMANDED.

*Judson & Green* for plaintiffs, appellants.

(1) This being a proceeding in equity to construe a deed which created a trust estate and to obtain directions of court to enable the trustees to properly administer their trust and protect them from possible claims of the beneficiaries, the court had full power and authority to construe said deed and render a decree in said cause which should be binding and conclusive upon all the parties thereto whether trustees or beneficiaries. Pomeroy Eq. Jur., sec. 1064; Hayden's Executors v. Marmaduke, 19 Mo. 4003; Mersman v. Mersman, 136 Mo. 244. (2) The interest or estate of the several beneficiaries is not an estate of inheritance, because the language of the deed makes it clear that the heirs at law of any deceased beneficiary are to take as a new class, or as substitutes of the original beneficiaries, and not by inheritance as an heir at law of the deceased, the original benefi-

ciary. Chew v. Keller, 100 Mo. 362; Buck v. Payne, 75 Me. 583; Tillman v. Davis, 95 N. Y. 17; Jarboe v. Hey, 122 Mo. 341; Ebey v. Adams, 135 Ill. 80; Weyman v. Johnson, 68 Ark. 369; Colley v. Bunn, 46 N. J. Eq. 131; Clark v. Cordis, 86 Mass. 466; Bishop v. Tinsley, 64 S. C. 180; McCauley v. Buckner, 87 Ky. 191; Durbin v. Redman, 140 Ind. 69; Wettach v. Horn, 201 Pa. 201; Tesson v. Newman, 62 Mo. 198; Emerson v. Hough, 110 Mo. 627. (3) Kathryn M. Burr, the widow of William Burr, deceased, is not technically an "heir" at law of her deceased husband. This deed being a conveyance of personal property, the word "heir," as used therein, must be given the same meaning as if the grantor had said that the share of William E. Burr, deceased, should go to those persons who are designated to take under the Statutes of Descent and Distribution of the state of Missouri. Jarboe v. Hey, 122 Mo. 341; Kendal v. Kleason (Mass.), 9 L. R. A. 509; 4 Words and Phrases, Colmn. 3253; Johnson v. Knights of Honor, 53 Ark. 255, 8 L. R. A. 732; Welch v. Crater, 32 N. J. Eq. 177; Lee v. Baird, 132 N. C. 755; In re Gilmore Est., 154 Pa. 523; Clay v. Clay, 63 Ky. 295; In re Fidelity Trust & G. Co., 68 N. Y. Supp. 257; Chew v. Keller, 100 Mo. 362. (4) The said William E. Burr not having an estate of inheritance, his widow cannot claim dower. R. S. 1899, sec. 2933; Jarboe v. Hey, 122 Mo. 341; Tillman v. Davis, 95 N. Y. 17; Buck v. Payne, 75 Me. 583; Warren v. Williams, 25 Mo. App. 23; Crecilius v. Horst, 89 Mo. 356; Garrison v. Young, 135 Mo. 203. (5) Unless circumstances are such that the widow takes under one of the three clauses of the statute concerning descent and distribution, that is to say, unless there are no children, and no brothers, sisters, father or mother, the widow can never take anything as an heir of her husband. Jarboe v. Hey, 122 Mo. 341; Johnson v. Knights of Honor, 53 Ark. 255; Kendal v. Gleason, 152 Mass. 457;

Buck v. Payne, 75 Me. 583; Tillman v. Davis, 95 N. Y. 17.

*Dickson & Dickson* for defendant, appellant, Kathryn M. Burr.

(1)  By the deed of conveyance executed by Harriet H. Burr, there was created a trust estate in property entirely personal, to-wit, corporate stock and bonds.  By this instrument the grantor, after reserving to herself a life interest in the property, conveyed to her children, as beneficiaries, the entire equitable title thereto.  The beneficiaries took an equitable estate of inheritance; the word "heirs" being used entirely as a word of limitation.  (2) The interest of William E. Burr, one of the children of Harriet H. Burr, and one of the beneficiaries, being an estate of inheritance, was subject to all of the incidents thereof save where restrictions thereon were imposed in express terms by the trust instrument.  At his death the widow of the said beneficiary became entitled to her dower right in his interest as provided by the statutes of the state of Missouri.  R. S. 1899, sec. 2939; Brown v. Tucker Estate, 135 Mo. App. 598.  (3) The appellant, Kathryn M. Burr, as sole legatee of her deceased husband, William E. Burr, became entitled to his interest in said trust fund at his death.  There was no prohibition in the conveyance in trust against the bequest of this interest by the beneficiary, William E. Burr. (4)  The words "heirs" when used in any instrument conveying personalty means the individuals designated to take under the Statutes of Distribution. Pleimann v. Hartung, 84 Mo. App. 283; Brown v. Bank, 6 Mo. App. 427; Gauch v. Ins. Co., 88 Ill. 25; Appeal of McKee, 104 Pa. 571, 575; Kendall v. Gleason, 152 Mass. 457; In re Gilmore Estate, 154 Pa. 523.  (5) The word "heirs" is also applied to legatees. Graham v. Devambrot, 106 Ala. 279; Greenwood v.

Murray, 28 Minn. 120. (6) While decisions are conflicting, there is ample authority to support the contention of appellant, Kathryn M. Burr, that the widow is the heir of her husband. Travelers' Assn. v. Tennent, 128 Mo. App. 541; Pleiman v. Hartung, 84 Mo. App. 283; Lawrence v. Crane, 158 Mass. 392; In re Conley's Estate, 136 Pa. 159; Seabrook v. Seabrook, 10 Rich. Eq. 495; Weston v. Weston, 38 Ohio St. 473; Winfred v. Heberer, 63 Ind. 72. (7) The paramount rules for the construction of deeds and to which all others must yield require that due regard shall be given to the directions in the deed and to the true intent of the grantor when not inconsistent with the positive rules of law. R. S. 1899, sec. 4650; Jarboe v. Hey, 122 Mo. 341; Yocum v. Siler, 166 Mo. 281; Peters v. Carr, 16 Mo. 54; Lampert v. Haydel, 96 Mo. 441. (8) The interest of William E. Burr, the deceased husband of the appellant, Kathryn M. Burr, descends to her, subject to all the limitations and conditions set forth in the said trust instrument for the purpose of protecting said interest against liability for any indebtedness heretofore incurred by said William E. Burr or to be hereafter incurred by said Kathryn M. Burr until after the expiration of the trust. Lampert v. Haydel, 96 Mo. 44; Jarboe v. Hey, 122 Mo. 341.

NORTONI, J.—The cross appeals in this case were prosecuted to this court, but were transferred to the Springfield Court of Appeals under the provisions of an act of the Legislature, approved June 12, 1909. [See Laws of Missouri 1909, p. 396; see, also, Sec. 3939, R. S. 1909.] Afterwards, the Springfield Court of Appeals disposed of the case through the subjoined opinion prepared by Judge Cox of that court, but its opinion was ordered not to be published in the official reports, for the reason that, about the same time, the Supreme Court declared the legislative act,

which purported to authorize the transfer of cases from one court of appeals to another for hearing and determination, to be unconstitutional, as will appear by reference to the cases of State ex rel. Dressed Beef, etc. Co. v. Nixon, 232 Mo. 496, 134 S. W. 538; State ex rel. O'Malley v. Nixon, 233 Mo. 345, 138 S. W. 342; State ex rel. Dunham v. Nixon, 232 Mo. 98, 133 S. W. 336. Because of such ruling of the Supreme Court, the case was thereafter transferred by the Springfield Court of Appeals to this court, on the theory that the jurisdiction of the appeal continued to reside here and the proceedings had in the Springfield Court with reference thereto were *coram non judice*.

The case has, been argued and submitted here and duly considered. On an examination of the several arguments advanced, we are prepared to concur in the views expressed by the Springfield Court in the unpublished opinion of Judge Cox, which we find in the files. Besides clearly stating the subject-matter of the controversy and the questions in dispute, the opinion referred to determines them according to our view of the law. The opinion of the Springfield Court in the same case is, therefore, adopted as the opinion of this court, and is as follows:

"This is an action brought by plaintiffs, who are trustees in a certain trust deed, for the purpose of having the deed construed, and to secure directions from the court as to their duties under the deed. The defendants are the children of Harriet H. Burr, and the widow of William E. Burr, who was the son of said Harriet H. Burr, living at the time the trust deed was executed, and who has since died, and the Mississippi Valley Trust Company is, the executor of the last will of William E. Burr, deceased.

"Trial was had and a decree rendered which appears to be satisfactory, except in two particulars, and from the judgment the plaintiffs, trustees, and defendant, Kathryn M. Burr, who is the widow of Wil-

liam E. Burr, have appealed. The other parties to the
suit have not appealed.

"The trust deed referred to was executed on the
23rd day of April, 1900, by Harriet H. Burr, in which
it is recited that she is the owner of all the capital
stock and bonded indebtedness of the Carterville Coal
Company, a corporation organized under the laws of·
the state of Illinois, with a business office in the city
of St. Louis, Missouri, and owning, leasing and operat-
ing coal lands in the county of Williamson in the
state of Illinois, as well as other valuable rights and
interests. By this deed she conveys this property to
William E. Burr, Lemuel G. Burr and Edward Burr
of the city of St. Louis and Egbert H. Chapman and
Shannon C. Douglass of Kansas City as trustees. The
beneficiaries in the deed of trust, aside from herself,
are her nine children, consisting of the three sons
aforementioned, the wives of the other two trustees,
and four other children who are named therein. The
deed then further provides as follows:

" 'Whereas, it is the desire of the said first party
that, subject to the reservation of a life interest or
estate on her part in the net income and profits to be
derived from the management and operation of said
coal lands and all other properties, whether real, per-
sonal, or mixed, now or hereafter belonging to said
company, her children, the said parties of the third
part, shall own and be entitled to, in the manner herein
provided and not otherwise, all of the stock and bonds
of said company and all other properties, if any, which
may be hereafter acquired in lieu thereof as provided
in this instrument, but the ownership of said third
parties therein shall be subject to terms, conditions
and provisions of this trust instrument.

" 'Now, therefore, in order to more effectually
carry out such desire and intention on her part and
for the purpose of placing in the hands and under the

control of said second parties and their successors in this trust, as trustees, all of her interest in and right to said stock and bonds, and thereby in all the present and future properties and assets of said company, subject to the terms and conditions hereinafter mentioned, she, the said first party, does hereby for and in consideration of the premises and the sum of five dollars to her in hand paid by said parties of the second and third parts, the receipt of which is hereby acknowledged, give, grant, sell, assign, and transfer unto the said party of the second part and their successors as herein provided, as trustees, for the use, benefit, and behoof of said parties of the third part, all of the capital stock of said company except two shares thereof and all the bonds heretofore issued by said company, and now a lien upon its properties and assets, and also all the rights and interests in and to all the assets and properties, real, personal and mixed, now or hereafter belonging to said company, and all the rights, privileges and appurtenances thereunto belonging or in any wise appertaining, in trust, however, on the condition and for the purposes hereinafter mentioned.'

"Then follow conditions and provisions as follows:

" 'First. The trustees shall be possessed of plenary powers in the management of the property, each trustee shall vote one-fifth of the capital stock, and, at least three of the trustees are required to be elected directors from time to time in said corporation, and in case a trustee should die, or resign, his place is to be filled by the others so that the whole number of five trustees shall be kept intact during the life of the trust.

" 'Second. This trust shall, except as hereinafter provided, continue for the term of twenty years from the date hereof, or until the death of the first party if she shall live longer than twenty years, and

during which time all the net profits which shall be derived from the management, operations or control of the property and assets of the company, shall be paid to the party of the first part on account of her said reserved life interest. In the event she should die before the expiration of said term of twenty years *then such net profits shall be paid to the parties of the third part, or to their respective heirs at law, when not otherwise provided for in this instrument.* (Italics are ours.)

" 'Fourth. The two shares of said capital stock retained as aforesaid by the first party shall only be used by her for the purpose of qualifying herself and another person in her discretion as directors of said company. For all other purposes said shares shall pass under this instrument to the trustees, to be held in same manner and for same purposes as the other stock of the company.

" 'Fifth. The interests hereunder of each and all of said third parties and their respective heirs at law shall be exempt from and not be held liable for any indebtedness now incurred or which shall hereafter be incurred by any of them.

" 'Sixth. The interest and estate under this trust of the said Amanda Florence Bailey, subject to the life interest as above stated of said first party, shall be held in trust for her use and benefit during her life, and she shall receive the net yearly income therefrom at such times as will be needed for her proper support and maintenance. In the event of her death without a child born of her body, and living at the time of the expiration of this trust, then all of her said interest and estate then remaining shall go to and vest in her brothers and sisters or their heirs respectively in the same proportion that such deceased brother or sister would have taken if living; but otherwise at her death and the expiration of this trust her said

interest and estate shall go and vest absolutely in her living child or children born of her body.

" 'Seventh. In case of the death of any of said third parties other than said Amanda Florence Bailey, before the expiration of this trust, then the interest hereunder of such decedent, shall, subject to the provisions and conditions of this trust go to and vest in his or her heirs at law, except that any interest so to be acquired by said Amanda Florence Bailey shall be held in trust in the manner hereinbefore provided in the sixth subdivision of this instrument.

" 'Eighth. In case the said first party shall be dead at the time that the trustees shall sell or otherwise dispose of the capital stock of said company, or of the properties and assets now or hereafter belonging to it, as hereinbefore provided for, then, in either such contingency, the trust herein created shall expire and cease to exist whether before or after the said twenty years' limitation, and the proceeds to be derived from such sale or disposition shall be divided among said third parties and their respective heirs at law, as herein provided for, in event of the trust expiring by limitation.

" 'Ninth. Neither the said third parties nor their heirs at law shall, during the continuance of this trust be authorized to sell or offer for sale their respective interest hereunder, and any sale attempted to be made by any of them in contravention hereof shall be utterly void. In the event that any of said third parties or their heirs shall at any time after the expiration of this trust desire to sell his or their interest and estate under this trust, he or she shall first offer the same to the said third parties then living and to the heirs, if any, of the decedents, and if a satisfactory price shall not be agreed upon between the seller and one or more of those to whom such interest shall be offered, then the seller shall appoint an arbitrator and the proposed buyer or buyers shall appoint an-

other arbitrator, who together shall determine and fix the price at which such interest and estate shall be sold, and if the arbitrators so chosen shall not agree upon and fix said price, then they shall appoint a third arbitrator and a decision of a majority of the arbitrators so chosen shall be conclusive as to the price to be paid for such interest and estate, unless the seller has a *bona fide* offer for a larger amount.'

"The facts developed at the trial show that the grantor, Harriet H. Burr, died on the 14th day of January, 1904; that William E. Burr, one of the beneficiaries, died in November, 1908, and left no children. He, however, died testate, and, by his will, devised all his property to his widow, defendant, Kathryn M. Burr.

"The portion of the decree of the court to which objection is made is as follows:

" 'The sum to which William E. Burr, deceased, would have been entitled, had he lived until the present time, to make him equal to that beneficiary who has been paid the largest sum, should be paid by the trustees to the executor of William E. Burr, deceased.'

" 'The one-ninth beneficial interest in said trust estate heretofore vested in William E. Burr by the said deed of April 23, 1900, terminated immediately upon his death, and one-half thereof thereupon immediately became vested in his widow, defendant, Kathryn M. Burr, and the remaining one-half thereof immediately became vested in the remaining eight defendants herein, the brothers and sisters of said William E. Burr, deceased; but said one-ninth interest still remains subject to all the terms and conditions of said trust estate so created by the said deed of April 23, 1900, and will hereafter continue to be an integral part of said trust estate until the final termination thereof.'

"The contention of plaintiffs, the trustees, is that William E. Burr, did not have an estate of inheritance

in the property covered by the trust deed, and, therefore, his entire interest ceased at his death, and he could not convey the property by will; neither is his executor entitled to any part of it, and that, therefore, the interest held by William E. Burr during his lifetime, on his death passed to his legal heirs at law who would be his brothers and sisters, and that his wife can take no interest therein.

"The contention of appellant, Kathryn M. Burr, is, first, that her husband, William E. Burr, did have an estate of inheritance, and that he had authority to convey it by will, and hence, that she is entitled under the will to the entire interest held by him; second, that if he could not convey it by will, yet under the terms of the deed, the interest held by him would go to his heirs, and that the term heirs, as used in the deed, means those parties to whom his personal property would be given under the statute in case he had died intestate, and that he, having died without issue, she was entitled, under the deed, to one-half of the interest held by William E. Burr, her husband.

"The first question to be determined is whether or not the interest conveyed to William E. Burr, under this deed, was one of inheritance so that he might transfer it by will. This question must be determined by a construction of the deed itself, and in that construction the polar star by which the court is to be guided is the intention of the grantor. [Lampert v. Haydel, 96 Mo. 441, 9 S. W. 780; Bean v. Kenmuir, 86 Mo. 666; Jarboe v. Hey, 122 Mo. 341, 26 S. W. 968; Yocum v. Siler, 160 Mo. 281, 61 S. W. 208.] By looking to the deed itself and considering that the grantor therein was the absolute owner of the property and that she was making a voluntary distribution of it, it seems clear that her prime purpose in executing the deed was that the property might be kept intact during her lifetime, and that she should herself receive the net profits thereon during her own life, and then

that the property should be handled as provided in the deed, for at least a term of twenty years even though the grantor might die earlier, and that even after the termination of the trust, if the property had not been previously sold, it should be retained in the hands of her children, or their heirs; and to accomplish this it is provided that even after the expiration of the time limited in the deed of trust, should one of her children desire to sell, the other children should be given the preference as purchasers. By a comparison of sections six and seven of the deed it will be seen that the provision in relation to her daughter, Amanda Florence Bailey, is different from the provisions as to her other children. We call attention to these provisions for the reason that we think it throws some light upon what the grantor meant by the use of the words 'heirs at law' in the seventh section of said deed. The terms 'heirs at law,' 'or heirs,' when used in a technical sense, applies only to those persons who, under the law, would inherit real estate from an ancestor, and has no application to personal property (Jarboe v. Hey, 122 Mo. 341, 26 S. W. 968); but even in the disposition of real estate by will, it has often been held, by reason of the terms of the will, to have an entirely different meaning from its technical legal meaning.

"In the construction of instruments relating to personal property the tendency of the courts has been to broaden its meaning and make it apply to persons not included under the technical definition of the term heirs, whenever it is necessary to do so in order to effectuate the purposes for which the instrument was executed. Thus, in mutual benefit insurance companies, where the policy is made payable to the heirs of the beneficiary, the term heirs has usually been held to include the widow. [Thomas v. The Supreme Lodge K. of H. (Wis.), 3 L. R. A. (N. S.) 904, and note thereunder.] This construction is often given to these pol-

icies by reason of some provision of the statutes of the state under which they are to be construed, or some provision of the by-laws of the organization issuing the policy. [See note three under Hubbard, Price & Co. v. Turner, 30 L. R. A. 593.] All the cases, however, give some force to the fact that life insurance is primarily secured for the benefit of the family and that the wife is one of those whom the insured would want to provide for.

"In the present case, had it been the intention of the grantor to convey an estate of inheritance, and had she not had in mind the purpose to provide for those dependent upon one of her children, should the child die before the expiration of the trust, it would not have been necessary to have made any provision as to whom the proceeds of the property should be paid during the life of the trust, but that could have wisely been left to the provisions of the law, or the wish of the child who might have designated by will to whom it should have been paid; but the fact that she makes provision in this way indicates to our mind that it was her intention, by provision number seven in the deed, not to convey an estate of inheritance, but, in case one of her children should die, that the heirs of that child should be substituted in his place and his interest in and power over the property should cease with his death. This view is strengthened by the latter part of section two of the deed, in which it is provided that 'if the grantor should die before the term of twenty years should expire then the net profits arising from the use of the property should be paid to the parties of the third part (who were her children named in the deed), or to their respective heirs at law, when not otherwise provided for in this instrument.' Had the main purpose of the grantor been simply to provide for her own support during her life, there would have been no occasion for this provision. Further, if each one of-her children were given

an estate of inheritance by the provisions of this deed, so that a conveyance by will would be valid, then the provision which we have just quoted would be rendered nugatory for the reason that, as in this case, after the death of William E. Burr, who, having, in his lifetime, executed a will, the profits that would have gone to him, had he lived, would be required to be paid to the devisee in the will, and not to his heirs at law as provided in section two of the deed. Our conclusion is, that William E. Burr did not take an estate of inheritance and that, therefore, his wife could take nothing under his will.

"Having disposed of the question of the character of the estate conveyed, we next come to the question of determining who is meant by the term 'heirs at law' so that we may determine to whom the profits upon the one-ninth held by William E. Burr during his lifetime shall be paid. This question is surrounded with some difficulty, but looking to the intention of the grantor as we gather it from the deed, and remembering that the property is all personal property, our conclusion is, that it was her intention that, if one child should die before the expiration of the trust (other than Amanda Florence Bailey, who was specifically provided for by the deed), the parties to whom the profits upon the interest held by the deceased child should be paid, should take under the deed, and not by descent, and, therefore, the use of the words 'heirs at law' is simply a designation of the parties who should stand in the place of the deceased child; and in this connection it can hardly be said that it was the intention of the grantor that the widow of the deceased son should take nothing from this estate. It seems to us that a more reasonable construction, and one more in harmony with the purpose of the grantor is, that she merely meant by the use of these terms that while the parties, who were to take the interest of the deceased child, should take under the deed and not under

the law, yet the parties to take the personal property should be the same persons as are designated by the law to take personal property when the owner thereof dies intestate. Had William E. Burr been the absolute owner of this property and died intestate and childless, as he did, his widow would have been entitled to one-half of his personal estate under section 351, Revised Statutes 1909, section 2939, Revised Statutes 1899, and it has been held that it is not necessary for the widow to file an election in order to be entitled to one-half of the personal property under the section above cited, and it has also been intimated that under the section aforesaid the widow takes as heir rather than as a doweress. [See Pleimann v. Hartsung, 84 Mo. App. 283; Western Commercial Travelers' Assn. v. Tennent, 128 Mo. App. 541, 554, 106 S. W. 1073; Brown v. Tucker, 135 Mo. App. 598, 602, 117 S. W. 96.] In the latter case Judge REYNOLDS, in discussing the rights of the widow, under the statute above quoted, uses this language: 'Under section 2939, she takes one-half the latter (meaning personal estate) subject, however, to the payment of the debts of the husband, without any election. This provision, that she takes, subject to the payment of her husband's debts, is somewhat suggestive, as indicating that what the widow takes under section 2939 is not dower—for dower was always taken free of the husband's debts. That, however, we need not elaborate.' It was not necessary in that case to decide whether or not the widow took as an heir or as doweress, under the section aforesaid; neither is it necessary for us to decide that question in this case, but these authorities do lend strength to our position that, under the terms of the deed in this case, the wife was included under the designation 'heirs at law.'

"Our conclusion is, that a proper construction of this deed, so far as the disputed questions are concerned, will lead to the conclusion that the widow,

Kathryn M. Burr, is entitled to one-half of the interest held by William E. Burr, her husband, during his lifetime subject to all the conditions of the deed, and that the other one-half should go to his brothers and sisters, and that the executor of the estate of William E. Burr is entitled to nothing. Having concluded that the estate of William E. Burr in the property conveyed by this deed was not an estate of inheritance, and that he passed nothing under the will, the executor could take nothing, but the interest which would have been paid to William E. Burr, had he lived, should be paid by the trustees, one-half to the widow of William E. Burr, and the other half to the brothers and sisters, and there is nothing, so far as the property conveyed by this deed is concerned, which can be administered upon by the executor.''

Supplementary to the above opinion, we deem it advisable to add a few words touching the arguments advanced in this court. It is insisted that the opinion is in conflict with the ruling of the Supreme Court in Jarboe v. Hey, 122 Mo. 341, 26 S. W. 968, in so far as it treats the widow, Kathryn M. Burr, as the heir of her deceased, childless husband, William E. Burr, with respect to this personal property but we are not so persuaded. Indeed, the question in judgment here was in no sense involved in Jarboe v. Hey, supra, for there Charles F. Jarboe, the deceased *cestui que trust,* was not a childless husband and without other descendants, as here. Instead, it appears from the report of that case that he left a child, Agnes, the daughter of his widow, who sought to be declared his heir at law. On these facts, the court said the words ''heirs at law,'' employed in the will of the settler of the trust, referred to those persons who would take from Charles F. Jarboe, the *cestui que trust,* under the Statute of Descents. No one can doubt the soundness of that judgment on the facts of that case, but here Kathryn M. Burr is the widow of William E. Burr, a childless

husband, without other descendants, and as such, under the rule of prior decisions, she is to be regarded, in a limited sense, as the heir of her husband as to personal property, and this because of our statute (Sec. 351, R. S. 1909). This statute provides that in event the husband dies without any child or other descendant, his widow shall be entitled to one-half of the real and personal estate belonging to the husband at the time of his death, absolutely, subject to the payments of the husband's debts. Under this statute, the court has several times declared the widow in such circumstances to be an heir, in a limited sense, of the deceased husband with respect to his personal property.   [See Pleimann v. Hartung, 84 Mo. App. 283; Western, etc. Travelers' Assn. v. Tennent, 128 Mo. App. 541, 554, 106 S. W. 1073.]

For the reasons above stated, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.