ȘTATE *ex rel.* SAYERS, *Appellant*, v. SCHOOL DISTRICT *et al.*

### Division One, February 23, 1898.

1. **Appellate Jurisdiction:** APPEALS: TITLE TO REAL ESTATE. A proceeding by *mandamus* to compel a school district to pay relator $200 which had been awarded him in a proceeding to condemn his land for a school house site, does not involve title to land within the meaning of the constitutional provision governing appeals, and hence the appeal from the order of the circuit court quashing the writ, is to one of the courts of appeals, and not to the Supreme Court.

*Appeal from Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Massey & Tatlow* for appellant.

*W. G. Robertson* for respondents.

WILLIAMS, J.—This case must be transferred to the St. Louis court of appeals. Our jurisdiction has not been questioned, but it appears, we think, upon the face of the record, that this court has no right to entertain and pass upon this appeal. The question of jurisdiction, therefore, can not be ignored.

This is a proceeding by *mandamus*. An alternative writ was issued May 29, 1895, upon application of relator, John L. Sayers, by the judge of the circuit court of Greene county, in the vacation of said court. The respondents appeared upon the return day, and upon their motion said writ was quashed, and final judgment entered for defendants. This appeal is prosecution from that judgment. A short summary of the grounds upon which the proceedings by the relator are based, will sufficiently indicate our reasons for the disposition of the case hereinbefore announced. It is stated in the alternative writ of *mandamus* that the relator was the owner of about one acre of land in Greene county, which is therein described; that on the seventeenth day of October, 1873, he conveyed said land to certain persons for the use in common of school district number 1, township 28 of range 20 of Greene · county, and the Pleasant Divide Cumberland Presbyterian Church, and that it was provided by the deed, that whenever said land should cease to be used for school and church purposes for the period of seven years, it should revert to the relator herein. It was further averred that said church had ceased to use the same for four years or more before the condemnation proceedings hereinafter mentioned, and that, at the expiration of seven years from the date of said abandonment of the property by the church, the relator by the terms of said deed, would become entitled to the possession thereof. It is then charged that the school district desired to build a new school house, and, as its officers knew the conditions and provisions of said deed, proceedings were begun on the twentieth of April, 1894, to condemn said acre of ground for a site for said building; that commissioners were appointed and the relator's damages assessed at $200, and that no exceptions were filed by either party, nor did the school

district elect to abandon said proceedings in the manner provided by statute.  It is also stated that the school district took possession of the land.  It is then said "that by virtue of the premises and the said condemnation proceedings, defendant school district is concluded and bound and became conclusively indebted to relator in the sum of two hundred dollars" and that it had taken no steps to pay the same and had no property out of which said money could be collected by execution.  The alternative writ of *mandamus* required the directors of the school district to take the proper steps to levy a tax sufficient to pay said award of $200 and interest thereon, or to show cause why they should not do so, etc.

We have not set out the details contained in the petition and alternative writ of *mandamus*, but enough has been given to show that the sole object of the proceeding is to recover the $200 alleged to have been awarded to relator by the commissioners in the condemnation suit.  If relator should be successful in this action, he will be entitled to a peremptory writ of *mandamus*, compelling the levy of a tax to pay the same.  If defeated, the judgment will simply deny said relief.  In neither event will the title to real estate be directly affected.  It is only upon the ground that the title to real estate is involved, so far as we can see, that the jurisdiction of this court is invoked.  The amount in controversy is only $200.  In *Hilton v. St. Louis*, 129 Mo. 391, it was said:  "The Constitution does not declare that the jurisdiction exists if a question of title is involved *in the trial*, but that the case tried must involve the title.  We take the provision to mean that the title to real estate must in some way *be affected by the judgment to be rendered* on the entire case as made by the pleadings and evidence."  Again, in *Heman v. Wade*, 141 Mo. 598, this court said:  "It

is sometimes difficult to determine when the title is involved within the true intent and meaning of the Constitution, but the rule is now well settled that the Supreme Court has no jurisdiction on this ground, unless the result of the litigation may *directly*, without subsequent proceedings, affect the title to real estate. The determination of a purely personal or pecuniary right, though dependent upon the condition of the title to land, does not involve that title unless it may in some way be affected by the judgment." See, also, opinion by BRACE, J., for the Court *in Banc*, in *Fischer v. Johnson*, 139 Mo. 433, where a number of decisions upon the subject are cited.

An order will be made transferring the case to the St. Louis Court of Appeals. BRACE, P. J., and ROBINSON, J., concur.