Bradley v. Ins. Co.

BRADLEY v. MILWAUKEE MECHANICS INSURANCE COMPANY, Appellant.

Division One, February 15, 1899.

1  Appellate Jurisdiction: MONEY JUDGMENT. Where the only judgment that can be rendered in a cause can be satisfied only by the payment of money and the amount in dispute does not exceed $2,500, this court has no jurisdiction of the appeal.

2.  ———: ———: ACTION ON INSURANCE POLICY. Although in an action on an insurance policy, the defense is that the plaintiff was not the sole owner of the property insured at the time the policy was issued, and that the policy was therefore void, yet if the title to the real estate remains after the judgment where it was when the suit was begun, the decision of the court does not so involve title to real estate as to give the Supreme Court jurisdiction of the appeal.

3.  ———: ———: CONSOLIDATION OF SUITS. Where two suits by the same plaintiff against different defendants, each for $2,000, involve identically the same issues and are tried together, and the witnesses are sworn but once, yet if separate judgments were rendered and the suits were not in fact consolidated and neither party asked the court to consolidate them, the Supreme Court has no jurisdiction of the appeal from either judgment.

*Transferred from Kansas City Court of Appeals*

REMANDED TO KANSAS CITY COURT OF APPEALS.

FYKE, YATES & FYKE for appellant.

A. H. WALLER and JOHN COSGROVE for respondent.

(1)  The court has jurisdiction of these cases because the plaintiff's title is directly involved. That is the only question in the case. To so hold would not overrule the former rulings of this court. (2) To the plaintiff there is involved over $4,000 in the question presented by this

record. It is true that plaintiff brought a suit against each of the defendants upon a policy issued by them, respectively, and while the record in each suit was kept separate, and separate bills of exceptions were filed, there was but one trial. The witnesses were sworn and examined only once. One record was printed; one brief filed by defendants. The same identical question arises for decision in each case. The clauses of each policy, relied upon as a defense, are the same, word for word. Both cases were tried as one suit, and, in effect, consolidated. The same attorney defended on both cases, and the two cases are as inseparable as the Siamese twins. This court has jurisdiction, as the amount in dispute is more than $2,500. Ellis v. Harrison, 104 Mo. 280; Priest v. Deaver, 21 Mo. App. 209; Bank v. Bank, 61 Mo. App. 448. (3) The consolidation of these cases was not by order of the trial court, but by the acts of the parties in consenting that one trial and one record should determine both cases. This court is not expected to write two opinions in this case; we believe it will consider the cases as consolidated and try them accordingly. This court has the power so to do, notwithsatanding there were separate verdicts. 4 Am. and Eng. Ency. of Plead. and Prac., pp. 701 and 703; 1 Thompson on Trials, sec. 210.

MARSHALL, J.—Action on a policy of insurance.

The plaintiff recovered judgment against defendant in the circuit court for $2,000, the face of a policy of insurance issued by defendant upon a brick building in Higbee, and for $40 interest. The defendant appealed to the Kansas City Court of Appeals, and that court reversed the judgment of the circuit court on the ground that plaintiff was not the sole owner of the property insured at the time the policy was issued, but held it as trustee for himself and other persons, and that the policy provided that it should be void if plaintiff was not the sole owner.

That court, however, certified the case to this court on the ground that the title to real estate is involved in the case, within the meaning of section 12 of article VI of the Constitution, and hence, this court has jurisdiction.

It needs no lengthy demonstration to show that the title to real estate is not involved in this suit. The action is upon a policy of insurance on a house it is true, but the only judgment that could be rendered in the case, can, and must be, satisfied by the payment of money—costs if the plaintiff loses, damages and costs if the defendant loses. In any event the title to the real estate will remain wherever it was before the litigation commenced. By no decree in the power of the court to enter in this case, can the plaintiff's paper title to the property, on which the burnt house formerly stood, be disturbed, and the defendant concededly has no claim to the real estate. Amplification of so plain a proposition is a waste of time and words. In fact, the plaintiff does not now contend that this court has jurisdiction for this reason, and such contention could not reasonably be expected to avail anything, since the proposition is now settled in our State. [Hilton v. St. Louis, 129 Mo. 389; Fischer v. Johnson, 139 Mo. 433; Heman v. Wade, 141 Mo. 598; State ex rel. v. School District, 143 Mo. 89; Price v. Blankenship, 144 Mo. 203.]

Plaintiff does contend, however, that the issues involved in this case are identical with those involved in the case of plaintiff against German American Insurance Company; that while the two cases were not consolidated by the trial court, and separate judgments were rendered and separate appeals have been taken in the two cases, still they were tried together below, the witnesses were sworn but once, and hence they were in effect consolidated, and that if so treated there is more than $2,500 involved, and hence this court has jurisdiction.

The records in the two cases do not show that such was the case. The cases were brought up on "short records" under section 2253, and hence show only the judgments appealed from. The abstract of the record does not show that such was the procedure in the circuit court. The abstract of the record is prefaced by a stipulation of counsel stating that the cases were tried together, that separate bills of exception were filed and that the record and bill of exceptions in each case are identical, and it was agreed by counsel that both causes may be considered in this court on the record, statement and brief in this case. But this does not make them one suit, nor does it bring the case within the provisions of section 12 of article VI of the Constitution. It is plain that a joint judgment could not be rendered against both defendants in either case, and that a satisfaction of either of the separate judgments would not be a satisfaction of the other. There is no privity of liability between the defendants any more than there would be between two defendants who were sued separately upon two separate promissory notes, and the defense in each case was usury or payment or failure of consideration, for the same evidence might be as applicable to two such cases as to the two policies here sued on. The cases cited and relied on by plaintiffs in their contention in this regard do not support their position.

In Ellis v. Harrison, 104 Mo. 280, the petition contained four counts. There was judgment for the defendant on three counts, where the combined amounts would bring the case within the appellate jurisdiction of this court, and judgment for plaintiff on the fourth count, for an amount below the appellate jurisdiction of this court. The plaintiff appealed from the judgment against him on the first three counts, and the defendant appealed from the judgment against him on the fourth count. This court held that there was no merit in the plaintiff's appeal, and then the question

arose whether this court had jurisdiction as to defendant's appeal, the amount involved in it being below the appellate jurisdiction of this court. The court held that as it had appellate jurisdiction as to plaintiffs' appeal, it also had jurisdiction as to defendants' appeal inasmuch as it was a part of the same judgment. But manifestly that case is no authority for the proposition contended for in this case. In Priest v. Deaver, 21 Mo. App. 209, there were several defendants, the total recovery brought the case within the appellate jurisdiction of this court, but it was apportioned between the defendants in differing amounts. The appealing defendant's judgment did not exceed $2,500, and the court of appeals held that the total recovery controlled the jurisdiction and certified the case to this court. There is no parallel between that case and this.

In the case of Washington Savings Bank v. Butchers and Drovers Bank, 61 Mo. App. 448, the liability of the appealing defendants exceeded $2,500, although it was apportioned between the defendants in smaller amounts, and Priest v. Deaver, *supra*, was followed. In both of those cases there was but one case, although there were several defendants, while in the case at bar there are two distinct suits with only one defendant in each, and neither case involves over $2,500. Hence the difference between the cases.

Whether the circuit court would have had power under section 2189, R. S. 1889, to consolidate these two suits, it is not necessary now to decide. It is sufficient to say the court did not in fact consolidate them, and neither party to either suit asked the court to do so. They are therefore two separate suits, and as neither one involves more than $2,500 this court has no jurisdiction. The case is therefore transferred to the Kansas City Court of Appeals.

All concur.