GEORGE C. ORCHARD, Appellant, v. WRIGHT-DALTON-BELL-ANCHOR STORE COMPANY and MOLLIE KNIGHT.

Division One, April 1, 1915.

1. **WIDOW'S PERSONAL ESTATE: Child's Share: In Spite of Will.** A devise of real estate by a husband to his widow does not preclude her from claiming her share in his personal estate equal to a child's part given her absolutely by section 349, Revised Statutes 1909; and no election to take under the will, nor any renunciation thereof, by her, is necessary to authorize her to claim that share under that statute. Where the law gives a widow absolutely a certain share in her husband's estate at his death, he cannot deprive her of it by will, and if

in such case the law does not say that she must within a certain time make a formal renouncement of the will, she need not do so, but may simply ignore the will, and claim what the law gives her. [Following Egger v. Egger, 225 Mo. 1. c. 141.]

2. ————: Share in Leasehold: Ejectment. Where testator by his will devised his real and personal estate to his widow and two children in equal proportions, a leasehold for twenty years held by him, being personal property, passed, upon his death and a settlement of his estate undisposed of, to his said widow and children, as distributees, and a conveyance of said leasehold by the widow to plaintiff conveyed to said assignee the title of one of the three joint owners. [Following Orchard v. Store Co., 225 Mo. 414.]

3. ————: ————: ————: Against Lessee of Void Lease. One cannot question a title given by himself, or hold possession of land in the face of his own deed. So that, the assignee of said lessee, having succeeded to the one-third interest which vested in the widow at the close of the administration, is entitled to recover possession of the leasehold property in ejectment against the same lessor and the lessee of a subsequent void lease, and neither can wholly defeat the action on the sole ground that the two children, who, with plaintiff, are the only rightful claimants under the original lease, are not made parties; but the said children should be made plaintiffs.

peal from St. Louis County Circuit Court.—*Hon. John W. McElhinney,* Judge.

EVERSED AND REMANDED.

*Lew R. Thomason* and *James Orchard* for appellant.

(1) A leasehold estate, whether it be for twenty or for any other number of years, is personal property. Orchard v. Store Co., 225 Mo. 414. (2) The devise of real estate by the deceased husband to the widow, does not preclude her from sharing in the personal estate of her deceased husband of which he dies intestate; and no election or renunciation of the will is necessary. R. S. 1909, sec. 349; Hayden v. Hayden, 23 Mo. 398; Haniphan v. Long, 70 Mo. App. 352; Buford v. McCune, 49 Mo. 546; Martin v. Norris, 91 Mo. 465;

Brown v. Tucker, 135 Mo. App. 598; Sparks v. Dorrell, 151 Mo. App. 173; Eggers v. Eggers, 225 Mo. 116; Zook v. Welty, 156 Mo. App. 712. (3) The defendant Mollie Knight (nee Kraemer), having executed and delivered a valid lease to the premises in controversy, to Antonio Saracini, which was in full force and effect, her subsequent attempted lease of the same premises, to her codefendant herein, is void and of no effect. Steel v. Culver, 158 Mo. 138. (4) The contract entered into by the plaintiff Orchard with the defendant store company on July 19, 1901, and the possession of the store company under said contract, whether construed as a lease *in praesenti* or as an agreement to lease *in futuro* creates the relation of landlord and tenant, and the store company as the tenant of the plaintiff either for a term of years or at will, cannot dispute the plaintiff's title. The contract fixes the date of the commencement of the term, the expiration of the term, the amount of the rent, and gives the right of immediate possession. Where the contract leaves nothing to be done, it passes a present estate. Johnson v. Ins. Co., 46 Conn. 92; Coin v. Feiner, 16 N. Y. S. 203; Crow v. Hildrith, 39 Cal. 618; Shoe Co. v. Gorman, 50 Mo. App. 642. A tenant at will, equally with a tenant from year to year, is estopped and precluded from denying his landlord's title. Town v. Butterfield, 97 Mass. 105; Coburn v. Palmer, 8 Cush. (Mass.) 124; Cobb v. Arnold, 8 Metc. 398; Moore v. Beasley, 3 Ohio, 294. (4) An action of ejectment may be maintained for the recovery of the possession of the premises in all cases, where the plaintiff is legally entitled to the possession thereof. R. S. 1909, sec. 2382; Evans v. Kunze, 128 Mo. 670. (5) The application of the principle that plaintiff in ejectment must recover upon the strength of his own title, and not the weakness of the title of his adversary, is not to be understood as requiring the plaintiff to make out a perfect title; but it only requires that the plaintiff shall exhibit such title or right

to possession as will put the defendant to the proof of a title or right superior to that of a mere naked possession.  Hartley v. Farrell, 9 Fla. 373; Burt v. Panjaud, 99 U. S. 180; Matney v. Graham, 59 Mo. 190; Morfleet v. Russell, 64 Mo. 176; Duncan v. Able, 99 Mo. 188; Rogers v. Mays, 84 Mo. 520.

*E. R. Lentz* and *Nagel & Kirby* for respondents.

(1)  This case has been once before in this court and practically every question now presented has been passed upon and the law declared thereon by this court, and in the retrial in the court below, the ruling of this court has been strictly followed.  The decision of this court on the former appeal is the law of this case upon all questions which were there passed upon.  Orchard v. Store Co., 225 Mo. 414; Chambers v. Smith, 30 Mo. 156; Bank v. Taylor, 62 Mo. 338; Keith v. Keith, 97 Mo. 223; Com. Co. v. Bank, 35 Mo. App. 472; Wayne v. Railroad, 35 Mo. App. 567; Railroad v. Bridge Co., 215 Mo. 286; Merriwether v. Knapp & Co., 224 Mo. 617.  (2) So far as plaintiff's right to recover against the Store Company is concerned, the only question left open by the former decision in this case, was the question of fact whether the leasehold here in controversy was the same leasehold as that which was devised to Michael Saracini, by the will of his brother, Antonio, or whether Antonio Saracini died intestate as to the leasehold in controversy.  Since the fact that he died intestate as to the leasehold is admitted in the record and proved by uncontradicted facts this court has already held that plaintiff had and has no title, and cannot recover.  Orchard v. Store Co., 225 Mo. 464.  After the case was reversed and remanded, the plaintiff filed an amended replication to the answer of the defendant, the Wright-Dalton-Bell-Anchor Store Company, in which it was admitted that Antonio Saracini died intestate as to the leasehold in question.  They also in-

troduced Michael Saracini as a witness, who testified that his brother held two leases from Mollie Kraemer; that he (Michael) was in possession of one of those leases, which is not in controversy here, and that the other of the said leases is the one in controversy. The trial court found as a fact that Antonio Saracini died in.state as to the leasehold in question. Consequently the former decision of this court is *res adjudicata* upon every question here presented, and precludes plaintiff from recovering. (3) The will of Antonio Saracini devises lands to his widow and makes no provision that this devise is to be in addition to her dower interest. The statute provides that if any testator shall by will pass any real estate to his wife, such devise shall be in lieu of dower, out of the real estate of her husband whereof he died seized, or in which he had an interest at the time of his death, unless the testator by his will otherwise declared. R. S. 1909, sec. 360; Kaes v. Gross, 92 Mo. 647; Schorr v. Etling, 124 Mo. 42; Doherty v. Barnes, 64 Mo. 159. This court has already held in this case that the leasehold in question was an interest in the land covered thereby, and the widow's right to dower therein was barred by the will which devised other real estate to her. Orchard v. Store Co., 225 Mo. 405. (4) The statute further provides that in the case mentioned in section 360 the wife shall not be endowed in real estate whereof her husband died seized, or in which he had an interest at the time of his death, unless she shall by writing duly executed and acknowledged, as in cases of deeds for land, and filed in the office of the court in which the will is proved and recorded, within twelve months after the proof of the will, not accept the provisions made for her by said will. R. S. 1909, sec. 361. There is no pretense here that any such renunciation of dower was ever made, and by the very terms of this statute the widow is not endowed of this leasehold, and this court has already so held. Orchard v. Store Co., 225 Mo. 465. (5) In

ejectment the plaintiff can only recover upon the strength of his own title, and not upon the weakness of the title of the defendant. McVey v. Carr, 159 Mo. 651; Prior v. Scott, 87 Mo. 308; Dunn v. Miller, 75 Mo. 272; Bledsoe v. Simms, 53 Mo. 308.

## STATEMENT.

Respondent, Mollie Knight, formerly Kraemer, on the 12th of March, 1898, executed a twenty-year lease on a certain parcel of ground in Poplar Bluff, Missouri, of which she was the owner in fee, to Antonio Saracini at a rental of ten dollars per month. The lessee took possession and held the premises until his death, August, 1900, leaving a wife and two children, to whom he devised his personal and real estate in equal parts, after bequeathing his cash on hand, stock, implements, etc., to his wife, whom he made the executrix of his will without bond, and who qualified and entered upon her duties as such, and in September, 1900, filed an inventory including the aforesaid leasehold.

On the 12th of April, 1901, she conveyed her interest in said leasehold to George C. Orchard (plaintiff) and thereupon two tenants of a building on the premises attorned to Orchard. On the 3rd day of May, 1901, Mollie Knight brought unlawful detainer against Orchard and his two tenants, claiming that the leasehold had been forfeited for non-payment of the taxes, which under the terms of the lease were a part of the rent reserved. This cause was determined against the right to forfeit, for the reasons given by the St. Louis Court of Appeals in Knight v. Orchard, 92 Mo. App. 466.

Pending this suit, and prior to its final disposition, Mollie Knight leased the premises to the Store Company, which is joined as a defendant with herself in the present action of ejectment brought by George C. Orchard. This case was also heard on a former appeal to this court, which may be examined for a full

statement of facts and rulings on the questions then
presented. That was an appeal by the present plain-
tiff against the present defendants and was reversed
and remanded, after the court had passed upon all the
questions and their ramifications presented by the rec-
ord, because of the failure of appellant to present a
*"definite theory"* of his rights, or those of the widow
under whom he claimed, and in view of the uncertainty
as to whether the leasehold in suit was the one referred
to in the will of Saracini. Wherefore, the court ordered
a retrial in conformity with the views expressed in that
opinion. [Orchard v. Store Co., 225 Mo. 414-466.]

Upon the questions thus relegated, the case has
been retried, after an amendment of the pleadings and
the presentation of evidence tending to show that the
leasehold involved in this action was not mentioned in
the will of Saracini, and after a change of venue to
St. Louis county has resulted in a judgment against
the plaintiff, from which he has again duly appealed
to this court.

## OPINION.

BOND, J. (After stating the facts as above.) — On
the first appeal of this case, this court decided, among
other things, that the leasehold in question was not
devised by Saracini to his wife and two children under
the terms of his will giving them equal parts of all his
"real estate," since it did not have that character, but
was only *personal estate,* despite the statutes provid-
ing that leaseholds of such duration (twenty years or
more) should be assigned for dower in the same man-
ner as real estate. [225 Mo. l. c. 456.] The court pred-
icated that conclusion upon the fact that the statute did
not alter the essential nature of such leaseholds as per-
sonal property, given to them by the common law, and
hence they would not pass under a devise confined by
its terms to *real estate.*

Applying this ruling to the title set up by plaintiff under the conveyance to him of the leasehold by the widow of the original lessee, and it is evident that it acquired no support from any devise to her by her husband. Appellant concedes this and further that his grantor, Mrs. Saracini, had no title to the leasehold as doweress of the *real estate* of her husband. But he insists that she and her two children were joint owners as distributees of the leasehold, and that the conveyance to him thereof carried her undivided one-third interest therein, and cites in support of that position, the following section of the statute (R. S. 1909, sec. 349):
"When the husband or wife shall die, leaving a child or children or other descendants, the widow or widower shall be entitled absolutely to a share in the personal estate belonging to the husband or wife at the time of his or her death, equal to the share of a child of such deceased husband or wife."

Appellant maintains that since the leasehold in question was merely personal property, the widow of Saracini, upon his death, became entitled thereto conjointly with her two children under the statute absolutely, and hence her failure to renounce the will which devised certain real estate to herself and her two children did not deprive her of the rights and interest in the leasehold bestowed by the above quoted statute. This position of appellant is sustained by the following language of Judge VALLIANT, speaking for this division:

"Where the law gives a widow absolutely a certain share in her husband's estate at his death, he cannot deprive her of it by his will, and if in such case the law does not say that she must make within a certain time a formal renouncement of the will she need not do so but may simply ignore it and claim what the law gives her. There are certain sections of the statute relating to the widow's share in her deceased husband's

264Mo36

estate, as pointed out in the brief of appellants, that put on her the duty of election, but section 2937 (R. S. 1909, sec. 349) under which this widow is now claiming a share equal to a child's share, is not one of them; the law gives her that share absolutely and unless she has bargained it away or is estopped to assert it she is entitled to it now.'' [Egger v. Egger, 225 Mo. l. c. 141.]

Accepting this authority, it will be seen that the plaintiff in this action of ejectment has acquired at most only the title of *one* of the three joint owners of the leasehold. The two children who took one-third each of that asset at the death of their father are neither parties to this suit, nor represented here in any way.

The situation of the case as to the two defendants, the Store Company and Mollie Knight, is that one of them, Mollie Knight, is the original lessor of a valid lease of the property yet unexpired and is setting up some claim against the explicit terms of her own grant. The other defendant, the Store Company, claims only under a second lease made by Mollie Knight contrary to the terms of her former outstanding lease, which has neither been forfeited nor surrendered. The attitude of these two defendants was fully discussed upon the former appeal. After examining the contention then made that Mollie Knight had reacquired title to the leasehold from the fact of an alleged sale thereof during the course of administration and a conveyance to her by the purchaser at such sale, the court said that the sale in question was shown by the record to be void and open to collateral attack. [225 Mo. l. c. 461.]

And the court further held that Mollie Knight was shown by the record to have made the second lease to her co-defendant *prior* to the illegal sale of the leasehold by Saracini's administrator, and hence it was ''evident that this second lease was not made in reliance'' upon the administrator's sale. [225 Mo. l. c. 462.]

From these rulings on the former appeal, it necessarily follows that neither of the defendants has any legal right or claim to the leasehold sought to be recovered in this action. [225 Mo. l. c. 458.] The learned counsel for respondent admit that under the present record no right or interest could be shown in either defendant other than a bare possession by the "Store Company" on the day of suit, but insist that the right to possession is legally vested in "strangers" to this action. This contention is correct as to two-thirds of the ownership of the leasehold which descended to the children of Saracini after the closure of the administration of his estate leaving that asset undisposed of. It is not correct as to the present plaintiff, for if the written conveyance to him by the widow was validly executed, he has succeeded to the one-third interest which became vested in her at the same time.

For some reason the present action seemed to have been prosecuted in total disregard of the rights of the two children of Saracini, or their representatives. We think the ends of justice will be subserved by a reversal and remanding of this case to the end that all the owners of the leasehold may be made parties plaintiff. When that is done no difficulty will be experienced in establishing their rights to the leasehold in question. They will not be required to deraign title further than the common ancestor, Mollie Knight, and neither she nor her assignee (the Store Company) will be allowed to defend against the valid conveyance made by her to Antonio Saracini, for "it requires no citation of authority to show that a man cannot question a title given by himself or hold possession of the land in the face of his own deed." [Steele v. Culver, 158 Mo. l. c. 138.]

The judgment herein is reversed and the cause remanded to be proceeded with in conformity to this opinion. All concur.