In re Estate of WILLIAM B. DEAN, deceased.

ANNA S. DEAN, Appellant, v. Estate of WILLIAM B. DEAN, deceased.—
No. 38142.

ANNA S. DEAN, individually and ANNA S. DEAN and FRED L. ENGLISH,
as Executors of the Estate of WILLIAM B. DEAN, deceased, Appel-
lants, v. STATE OF MISSOURI, Exceptions to Report of Appraiser
Assessing Inheritance Taxes.—No. 38225.—166 S. W. (2d) 529.

Court en Banc, December 7, 1942.

*Williams, Nelson & English, R. F. O'Bryen* and *Walter Wehrle* for appellants.

*Roy McKittrick,* Attorney General, *Russell C. Stone* and *William C. Connett, IV,* Assistant Attorneys General, for respondent.

ELLISON, C. J.—These two cases have been consolidated for submission in this court, on appeal from the circuit court of St. Louis county. Both originated in the probate court. In cause No. 38,142 the question for decision is whether the appellant Anna S. Dean, widow of the deceased testator, William B. Dean, is entitled to an order setting over one-half of his net estate to her as her absolute property under Sec. 325, R. S. 1939, Mo. R. S. A., sec. 325, independent of his will. The agreed value of the whole net estate as of the date of trial was $354,780.54; and the value of the half interest claimed, $177,290.27. The estate consisted entirely of personalty. The testator died a resident of this State and left no children or their descendants, and no father, mother, brother or sister, or their descendants. The will bequeathed the entire residuary estate to the appellant widow, this being the whole net estate except as reduced by $11,000 in specific bequests. She did not file a written election to take the half interest, either under Secs. 327 and 329, R. S. 1939, Mo. R. S. A., secs. 327, 329, or otherwise. Neither did she renounce the will under Sec. 333, R. S. 1939, Mo. R. S. A., sec. 333, or otherwise.

She seeks thus to claim one-half of the net estate independent of the will, although the will gives her far more, mainly because of the asserted effect it will have in reducing her state inheritance tax. She contends she may take that interest under the statute, and the remainder of the residuary estate under the will; and that the statutory one-half interest is exempt from inheritance tax, under Sec. 576, R. S. 1939, Mo. R. S. A., sec. 576. The State contends the widow cannot take the residuary estate partly under the statute and partly under the will; that the will does not sanction it; that if she desires to take pursuant to the statute she should have renounced the will. The probate and circuit courts upheld the State's contentions on these points. The widow appeals, but contends a decision against her in this cause, No. 38,142, will not defeat her claim in the other case.

We think we have no jurisdiction of this appeal. The amount claimed is not in dispute. The only question is, in what right the widow shall receive it—under Sec. 325 or under the will. On an

analogous question see Koch v. Meacham (Mo. Div. 2), 116 S. W. (2d) 16. Neither does the fact that the two cases have been consolidated for submission here make any difference. They were tried separately below and there were separate judgments. Bradley v. Milwaukee Mechanics Ins. Co., 147 Mo. 634, 49 S. W. 867. But since the questions in this first case inhere in the second, and both have been briefed together, we shall decide them in our consideration of the latter.

The second cause, No. 38,225, involves the inheritance tax, itself. The tax was assessed against the widow on the whole net estate, as of the value of $392,808.85 at the date of the death of the testator, deducting only the $11,000 in specific bequests and the $20,000 exemption admittedly allowed a widow by Sec. 576, supra. She was denied the further exemption claimed by her under that same statute, on ▮▮▮ one-half the net estate allowed her by Sec. 325. The State contends that if a widow takes practically the whole estate of her husband by will, or even if she takes partly under the will and partly under Sec. 325, supra, in either event the property received, less exemptions, is subject to the inheritance tax. And in this connection the State further contends the exemption of "the marital right of the widow," allowed by Sec. 576 (in addition to $20,000), does not refer to the one-half interest in realty and personalty granted the widow by Sec. 325, supra. Hence it is argued the widow cannot have that exemption even though she be granted the one-half interest under Sec. 325.

The inheritance tax appraiser fixed the net value of her residuary interest at $361,808.85. The tax assessed was $14,690.44. The lower courts overruled the exceptions thereto filed by the widow and Fred L. English, as executrix and executor, and they appealed. On their theory, with the one-half interest deducted from the estate, the tax should be only $5216.18. The difference is $9474.26, which gives this court appellate jurisdiction, the amount in dispute exceeding $7500. Sec. 2078, R. S. 1939, Mo. R. S. A., sec. 2078; Sec. 3, Const. Amend., 1884.

The widow maintains Sec. 325 gives her a one-half interest in the net estate of her deceased childless husband, as her *absolute* property *by virtue of her marital rights*. She further asserts this statute severed the half-interest from the estate and deprived the husband of power to control its disposition by his will. It is conceded, or at least not disputed, that the estate was amassed by the husband, and did not come to him in right of the marriage or through appellant's written consent. The statute is as follows (italics and parentheses in quotations hereafter are ours):

"Sec. 325. HUSBAND DYING WITHOUT CHILDREN, WIDOW, HOW ENDOWED.—When the husband shall die without any child or other descendants in being, capable of inheriting, his widow shall be entitled: First, (this clause covers realty and/or personalty which came to the

husband in right of the marriage or with wife's written assent);
second, *to one-half of the real and personal estate belonging to the
husband at the time of his death, absolutely, subject to the payment of
the husband's debts."*

The State concedes the husband could not by his will deprive
the appellant of her right to the one-half interest under Sec. 325—as
was held in Egger v. Egger, 225 Mo. 116, 141, 123 S. W. 928, 934(3),
135 Am. St. Rep. 566; Orchard v. Wright-Dalton-Bell Anchor Store
Co., 264 Mo. 554, 561, 175 S. W. 884, 885-6; Trautz v. Lemp, 329
Mo. 580, 612, 46 S. W. (2d) 135, 147(26). These cases were not
dealing with Sec. 325, supra, but with the kindred Sec. 323, R. S. 1939,
Mo. R. S. A., sec. 323, which covers situations where the deceased
spouse leaves one or more children or descendants and the surviving
husband or wife receives a child's share of the personal estate ab-
solutely. However, their reasoning and language are equally ap-
plicable to Sec. 325, so far as concerns the question now under
discussion.

But the State qualifies the foregoing concession by urging
that the widow cannot take both under and against the will of her
deceased husband; and that while the law in some circumstances will
permit her to take both under and in addition to the will, yet she
cannot do so under the facts of this case without having made an
election or renouncing the will. To the contrary, appellants contend
the *statutes* do not require such an election, and that undoubtedly
is correct. The statutory election required of the widow of a childless
husband by Sec. 327—as between dower proper and the interest al-
lowed her by Sec. 325, supra—applies to *real estate,* not to personalty,
Klocke v. Klocke, 276 Mo. 572, 580, 208 S. W. 825, 826(4). Likewise,
a renunciation of the husband's will under Sec. 333, supra, is neces-
sary only when he has devised *land* to the widow in lieu of dower
proper, as provided in Sec. 332, R. S. 1939, Mo. R. S. A., sec. 332.

An unbroken line of cases next cited below, holds, or at least
does not dispute, that a widow is not put to her election by Sec. 327
when claiming a one-half interest in the *personal* estate of her de-
ceased husband under Sec. 325, supra. The Niles case says, and we
agree, that the Klocke case, supra, overruled Bryant v. Christian,
58 Mo. 98, so far as the latter holds to the contrary. The Hax and
Brown cases declare an election is required as to real estate because
it affects the title thereto. And the Burr case characterizes the right
of the widow in the personal estate under Sec. 325, as a species of
heirship. Merz v. Tower Grove Bank and Trust Co., 344 Mo. 1150,
1161(3), 130 S. W. (2d) 611, 617(4): Hax v. O'Donnell, 234 ▮
Mo. App. 636, 639, 117 S. W. (2d) 667, 669; Nies v. Stone, 232 Mo.
App. 1226, 1233-4, 117 S. W. (2d) 407; Tipton v. McClary, 227 Mo.
App. 460, 54 S. W. (2d) 490, 493(4); In re Stambaugh's Estate,
210 Mo. App. 636, 639, 235 S. W. 472; Burr v. Burr, 163 Mo. App.

395, 410, 411-2, 143 S. W. 1096, 1100, 1101; Sparks v. Dorrell, 151 Mo. App. 173, 184(2), 131 S. W. 761, 764(4); Brown v. Tucker Estate, 135 Mo. App. 598, 117 S. W. 96.

The doctrine of the above decisions really is not disputed by the State. For the brief of the Attorney General and his learned assistants says: "It seems that this State recognizes that a widow may claim under the will and in addition to the will: (1) when the husband's will either by specific direction or by implication indicates that the widow should so take; or (2) when the widow by so taking will not defeat other legacies; or (3) when the widow is left less by the will than that which the law allows." The brief then continues: "Our courts . . ., seem to place great emphasis upon the *intention* of testator," citing the Sparks and Trautz cases, supra; and then adds, "This seems to follow the general rule as stated by 69 C. J., sec. 233, p. 1095." But the cited paragraph of Corpus Juris does not harmonize with the brief's first thesis—that the will should disclose an intent for the widow to take more than the will gives her. On the contrary, it says that: "In the *absence* of express or implied intention on the part of the testator that his widow *shall* elect" between her statutory and testamentary rights, she takes both under the common law. (This rule has been changed in this State by Sec. 332, supra, only as to *realty*.) Later the same paragraph declares the widow is not put to her election "where the provision under the will is not inconsistent with her claim of dower." Speaking of elections 28 R. C. L., sec. 317, p. 328, says: "The choice is compulsory between two inconsistent rights or claims where there is a clear intention of the testator that the beneficiary shall not enjoy both;" and that "the doctrine is founded on the apparent intent of the testator that the legatee shall surrender some right in exchange for the legacy."

As a matter of fact our decisions broadly base the necessity of such non-statutory elections on the ground of estoppel. Thus the Eggers case, supra, ruled "the law gives her that share absolutely, and, unless she has bargained it away or is estopped to assert it, she is entitled to it now." The Sparks case says, "It is a maxim of a court of equity not to permit the same person to hold under and *against* a will," meaning contrary to the intention of the testator. The Trautz case held the solution of the question "depends upon whether or not the testator intended the bequest in the will to be *in lieu of* or *in addition to* that which the law gave the widow;" and decided the testamentary provision there under consideration was intended to be in lieu of the widow's right to a child's share in personalty under Sec. 323, supra. Colvin v. Hutchison, 338 Mo. 576, 579(1), 92 S. W. (2d) 667, 668(1), 105 A. L. R. 266, declares, "The whole doctrine of election rests upon the equitable ground that no one can be permitted to claim inconsistent rights with regard to the same subject." In re Bernays' Estate, 344 Mo. 135, 146, 126 S. W.

(2d) 209, 216(9), 122 A. L. R. 169, says one who accepts a beneficial interest under a will thereby adopts the whole will and renounces every right or claim that is inconsistent with the will. But all the cases cited except the Trautz case dealt with realty, not personalty.

The State's brief argues the case as if the widow here were claiming the one-half interest under Sec. 325 *in addition to* the residuary estate which the will gives her. Such is not the fact. She does claim the half interest *out of* the bequeathed residuary estate, and the rest of it under the will. But by so doing she gets no more than the will gives her, and she does not prejudice the other devisees or the estate. If she had renounced the will she would have received the same amount. For in that event the residuary bequest to her would have lapsed and the testator would have died intestate with respect to that property, there being no bequest over. 69 C. J., sec. 2158, p. 967, sec. 2169, p. 976, sec. 2172, p. 1058; Sanders v. Jones, 347 Mo. 255, 262(3), 147 S. W. (2d) 424, 427(5); Crossan v. Crossan, 303 Mo. 572, 581, 262 S. W. 701, 703(4). The widow would have got the one-half interest under Sec. 325; and the remainder of the residuary estate would have passed to her as heir of her husband under the third clause of Sec. 306, R. S. 1939, Mo. R. S. A., sec. 306, he having left no ▮▮▮▮ children or their descendants, father, mother, brother or sister, nor their descendants.

The right of the widow to take the one-half interest under the statute and the remainder of the residuary estate under the will, depends upon the proper interpretation of the will. It need not disclose a testamentary intention that she *should* thus take; all that is necessary is the absence of an intent that she should *not* so take. In the latter event, taking the half interest under the statute would not be inconsistent with the will. The intent to be searched for is not a technical intent, but the actual, practical intent of the testator. When a will is made, ordinarily the main considerations controlling the testator are the property he owns and the persons to whom he desires to leave it, with, doubtless, the legal rights of his widow also a factor. In this case the will discloses an intention to provide abundantly for the widow. As the State's brief observes, it left her over 97% of a $393,000 net estate—all but $11,000 in specific bequests to strangers in blood. Obviously the testator intended her to *have* far more than the law gave her. But he certainly was not actuated by any technical intention that she should take the bequest in a particular way which would increase her inheritance tax, as against another way that would reduce the tax. We hold the widow was entitled to the one-half interest under Sec. 325, without prejudicing her right to the remainder of the residuary estate under the will.

But the next and crucial question is whether the widow's one-half interest, though taken under Sec. 325, supra, is exempt from the state inheritance tax. Sec. 571, R. S. 1939, Mo. R. S. A., sec. 571,

imposes that tax "upon the transfer of any property, real, personal or mixed . . . when the transfer is *by will or by the intestate laws* of this state from any person dying possessed of the property while a resident of the state." Secs. 572, 573, 574, R. S. 1939, Mo. R. S. A., secs. 572, 573, 574, provide that the tax shall be imposed on such property only as to the *excess over the exemptions* allowed by Sec. 576, R. S. 1939, Mo. R. S. A., sec. 576. As applied to this case these exemptions protect "all transfers of property . . . of the clear market value of twenty thousand dollars to the surviving husband or wife, said exemption to be *in addition to the marital right of the widow or widower.*"

The question whether the state inheritance tax applied to a widow's interest in her deceased husband's realty and personalty (a child's share) under Sec. 323, supra, and Sec. 328, R. S. 1939, Mo. R. S. A., sec. 328, was determined in In re Rogers' Estate (Mo. Div. 2), 250 S. W. 576. He had left a will which she renounced. The case was decided in April, 1923, but arose in 1920 and was governed by the Revised Statutes of 1919. Sec. 561 of that revision (now Sec. 576) merely gave the widow or widower an exemption on $15,000 of the estate. The opinion did not mention it, but ruled the case on the provision in Sec. 558 (now Sec. 571) that the tax shall be imposed on property transferred by *will or the intestate laws.* The holding was that the expression "intestate laws" refers to the statutes of descent and distribution, and not to the mandatory provisions made by *law* for the benefit of the widow, such as Secs. 323 and 328, supra, giving her a child's share in realty and personalty when the husband dies leaving a child; or Sec. 325, supra, giving her one-half of the realty and personalty when the husband dies childless. On that theory and since property had not been transferred either by will or the intestate laws, but by operation of said statutes, the decision ruled the tax could not be imposed.

While that litigation was pending Sec. 576 was amended on November 2, 1921, by Laws Mo. 1921 (1st Ex. Sess.), p. 28, by raising the exemption of the widow or widower from $15,000 to $20,000, and adding the aforesaid italicised phrase, "in addition to the marital right of the widow or widower." From that date until the decision of In Re Bernays' Estate, supra, 344 Mo. 135, 126 S. W. (2d) 209, 122 A. L. R. 169, in September, 1936, it was the practice of the State Treasurer's Office to allow widows an exemption on their inheritance tax (in addition to the $20,000) of the value of a child's share, or a one-half interest, or dower proper, depending on the facts of the particular case. Three Attorneys General gave opinions in 1922, 1929 and 1935 sanctioning that practice, and this regardless of whether the widow took under a will or the intestate laws. This statement may not be accurate in detail but we so understand the record.

At any rate, when the Bernays case came to Division 2 of this court in 1936, the question presented was whether a widow, following the prevailing practice, could claim an exemption on her inheritance tax, in addition to the $20,000, for the value of a child's share in realty and personalty, her husband having left a child; although she had not renounced his will, which made provision for her expressly in lieu of dower, rights of election, etc. The decision held she was not entitled to the exemption; and that having accepted the provisions of the will she was bound to pay the tax on the value of the property transferred to her thereby. It refused to rule on the question whether she would have been exempt from the tax if she had renounced the will and taken a child's share in realty and personalty under Secs. 323 and 328, supra, as held in the Rogers case. Similarly it refused to construe the exemption clause of Sec. 576, supra, providing the $20,000 exemption shall be "in addition to the marital right of the widow." All this was on the theory that a discussion of those questions would be obiter dictum. The opinion did say, however, that the clause seemed obscure, and that the State contended it referred only to the allowances for a year's support provided for in Secs. 106, 107, Mo. R. S. A., Secs. 106, 107.

Two of the three judges of the Division concurred in the principal opinion, by COOLEY, C., and a separate opinion was filed by WESTHUES, C., concurring only in the result. That opinion was adopted or approved by one judge. It said the Rogers case should be overruled; that a widow who renounces her husband's will and elects to take a child's share stands on an equal footing with a child; that the husband has died intestate so far as she is concerned, thereby putting her in the position of taking under the intestate laws; and that a tax only on widows who take property by will is unthinkable and unconstitutional.

Leaning heavily on this separate concurring opinion, the Attorney General's brief asks us to overrule the Rogers case. It contends the expression "intestate laws" in Sec. 571, supra, "should be interpreted to include all property not disposed of by will which could be distributed after the payment of debts, costs of administration and statutory allowances" (under Secs. 106-107, supra). And it further argues the cognate Secs. 573 and 576 expressly show the intent of the Act was to tax widows, the former fixing a lower tax rate for them, and the latter allowing them larger exemptions.

We are unable to accept the State's view. No one contends a widow is not required to pay the inheritance tax. She is, above her exemptions. Neither is the tax limited to widows who abide by the wills of their deceased husbands. The widow of a husband who dies intestate also must pay the tax, above exemptions. For many years the public policy of this State, as declared through our statutes, has been to make mandatory provisions for the benefit of the husband and

wife. Under Sec. 323 each is entitled to a child's share in the personal estate of the other, *absolutely* on the death of that other leaving a child, subject to debts. Similarly, under Secs. 324 and 325 each is entitled to a one-half interest in the real and personal estate of the other, dying childless. In addition the first subdivision of Sec. 325 gives the widow the further right to the real and personal property she brought to the marriage. Would it be said this should be subject to the inheritance tax on the demise of her husband? These rights are not like those of a child who can be disinherited. They are absolute, cannot be destroyed by will, and are called marital rights. The term is familiar. Szombathy v. Merz, 347 Mo. 776, 780(1), 148 S. W. (2d) 1028, 1029; Merz v. Tower Grove Bank, 344 Mo. 1150, 1161(3), 130 S. W. (2d) 611, 617(4).

It was because of the special character of these statutes that the Rogers case held property passing under them would not be transferred "by will or by the intestate laws" as required by Sec. 571. The opinion cited many decisions from other states and appears to be in line with the weight of authority. But whatever may be thought about that, the amendment of Sec. 576, supra, in 1921, which increased the money exemption to $20,000, and made it include "the marital right of the widow or widower"—that change it seems to us clears up the question. The State's brief suggests the quoted clause refers to the special allowances granted a widower or widow by Secs. 106 and 107, supra, these consisting of the household equipment, family clothing, implements, etc. But under statute their aggregate value cannot exceed $1300, to which may be added money for a year's support.

Is it not doubtful that the Legislature after having allowed a sizeable exemption of $20,000, would take the trouble to include these minor items on which the one per cent. tax imposed by Sec. 573 would be comparatively trivial. We think the words "marital right" used in the clause ▮▮▮ mean the particular marital right under which the widow claims, thereby bringing it within the generic term marital rights, which is well understood. Furthermore, Sec. 652, R. S. 1939, Mo. R. S. A., sec. 652, provides that wherever any subject matter is referred to by words importing the singular number, several matters shall be deemed to be included. In other words, in statutes the singular may be taken as including the plural.

The contention that this exemption penalizes widows who abide by their husbands' wills is well answered in the Bernays case, where it is said the widow is not compelled to accept the provision for her in the will. She may reject it and take under the statutes. The necessity of making a choice cannot be considered a penalty. She can take into consideration the value of the testamentary provision as burdened with the tax, and act on whichever right serves her best. The exemption from the tax of the widow's or widower's child's

share or one-half interest in the estate of the other spouse, subject to the payment of debts, is not unconscionable we think. Usually their joint efforts in their respective spheres created the estate.

We think this holding is not in conflict with the Bernays case, supra, (344 Mo. l. c. 138, 126 S. W. (2d) l. c. 211, 122 A. L. R. 169.) There, the estate consisted entirely of personalty, as here. The widow elected to take under the will. The will bequeathed her *the life income* from a trust consisting of practically the whole net estate, and further *expressly stipulated* this provision should be "*in lieu of* her dower, homestead, allowances, rights, election and all other rights" in the estate. The claim of a child's share under Sec. 323 would have been directly in conflict with the will. Yet she claimed a deduction of that share which she had relinquished, in the computation of her inheritance tax.

In the Bryant case (58 Mo. l. c. 101, 103 et seq.) the childless husband's will left the whole estate, real and personal, to the widow *for life,* with power to dispose of a one-half interest by will. She died without renouncing the will. Her administrator claimed a one-half interest in the estate, real and personal, under what is now Sec. 325. The decision apparently held that claim could not be asserted since the widow had filed no election under what is now Sec. 327. That holding we think is overruled by the Klocke case so far as personalty is concerned. The Klocke case decided Sec. 327 applies only to widows entitled to dower proper under Sec. 318, R. S. 1929, Mo. R. S. A., sec. 318. In our opinion it further requires the making of a choice in taking *real estate* under the one section or the other, especially in view of Secs. 332 and 333, supra, which require a renunciation of the will in such instances. But the Bryant case further held the claim of a half interest under Sec. 325 was *inconsistent* with the devise of a *life estate* in the will. That may be true; we are not concerned with that question here.

Our attention has been called to Thomas v. McGhee, 320 Mo. 519, 524, 8 S. W. (2d) 71, 72(2), where it is said that Sec. 319, R. S. 1939, Mo. R. S. A., sec. 319, abolishing curtesy, impliedly repealed Sec. 324, R. S. 1939, Mo. R. S. A., sec. 324, so far as concerns the widower's right to a half interest in the real estate of his deceased wife; and that thereafter the widower would be required by Sec. 327, supra, to elect to take said half interest as against any testamentary disposition of real estate the wife had made for him. But the Thomas decision went on to say that Sec. 319 did not repeal Sec. 324 so far as the latter gave the widower a half interest in the personalty of his deceased wife. We can see nothing in this decision contrary to our holding in the present case. It does not say or intimate that the widower must file a written election to take a half interest in his deceased wife's personal property as granted by Sec. 324.

Our conclusions in the instant case are based on the Courts of Appeals decisions heretofore cited; on the fact that under the common law provisions for the widow in the will of her deceased husband are presumed to be in addition to dower unless there is inconsistency between the two, 69 C. J., sec. 2339, p. 1095, sec. 2940, p. 1096; and on the fact that that rule has not been abolished in this State by statute as regards personalty.

In case No. 38,225 the judgment is reversed and the cause remanded with directions that the inheritance tax imposed be fixed at $5216.18. Cause No. 38,142 is ordered transferred to the St. Louis Court of Appeals. All concur except *Hays* and *Gantt, JJ.,* absent.