Matter of the ESTATE of Andrew L. ATKINS, Sr., Deceased.

Nell A. ATKINS, Executrix, Respondent,

v.

STATE of Missouri, Appellant.

No. 45968.

Supreme Court of Missouri, Division No. 2.

Dec. 9, 1957.

provisions of the inheritance tax act and certain provisions of Missouri's new probate code, discussed hereinafter. The case involves whether certain property is exempt from the State inheritance tax and the State is a party. We have jurisdiction of the appeal. Mo.Const.1945, Art. V, § 3, V.A.M.S.

Andrew L. Atkins died testate January 17, 1956, in Stoddard County, Missouri. He was survived by his widow and their three sons, two being unmarried and minors. His will, dated September 12, 1953, was duly probated January 21, 1956. His estate consisted entirely of personal property. He bequeathed $5.00 to each of his three sons and the balance of his estate to his widow, Nell A. Atkins. The widow took under the will, which did not provide that the bequest to the widow was in lieu of her dower, homestead, rights of election or any other marital right of the widow.

The inheritance tax appraiser assessed a tax of $1,331.95. Upon exceptions duly filed, the probate court assessed an inheritance tax of $637.82. Upon appeal by the State the circuit court assessed the inheritance tax "at the sum of $637.82, as computed and determined by the Probate Court of Stoddard County, Missouri."

Decedent's estate had a gross value of $118,615.70. The probate court after making deductions for lawful debts ($9,332.99), taxes ($4,134.06), expenses of administration ($4,235.20), exempt property ($1,000), and a year's maintenance ($8,000), total $26,702.25, calculated the clear net market value of the estate at $91,913.45. Deducting the $15 bequeathed to the three sons, the probate court valued the estate bequeath to the widow at $91,898.45. The probate court next deducted as a marital right "one-third of the $91,913.45 net estate," $30,637.82, and the $20,000 specific exemption, a total of $50,637.82, and established the interest of Nell A. Atkins, widow, subject to inheritance tax at $41,260.53, and said tax at $637.82.

John M. Dalton, Atty. Gen., Russell S. Noblet, Asst. Atty. Gen., for appellant.

C. A. Powell, Dexter, for respondent.

BOHLING, Commissioner.

The Attorney General on behalf of the State of Missouri, appellant, contends that the deduction of a marital right of one-third of the net estate of a testator who died January 17, 1956, survived by a widow and three children, in arriving at the clear market value of the property transferred to the widow and subject to the State inheritance tax under the law then in effect was erroneous. The statutes particularly involved are the exemption

The only item in dispute is the $30,637.82 marital right deduction.

The inheritance tax act imposes a tax "upon the transfer of any property, * * * not herein exempted" of a deceased resident when transferred "by will or the intestate laws". Section 145.020, subd. 1(1). (Statutory references are to RSMo 1949 and 1949 V.A.M.S., unless otherwise shown.) However, the law in force on January 17, 1956, provided (italics ours): "The following shall be exempt from taxes imposed in this chapter: * * * (3) *All transfers of* any *property* or beneficial interest therein *not exceeding the clear market value of twenty thousand dollars in excess of the aggregate value of all marital rights which would accrue to the surviving spouse upon renunciation of a will* or death of a decedent intestate *to a surviving* husband or *wife*." Laws 1953, p. 739, § 145.090.

The Missouri new probate code went into effect January 1, 1956 (Laws 1955, p. 390, § 1, 25 V.A.M.S. p. 150, § 1, note preceding section 472.010). It repealed, among others, Chapter 469, RSMo 1949 (Id., p. 390, § A and p. 149, § A, respectively). The main marital rights that came before this court for consideration in connection with the inheritance tax act were to be found in said Chapter 469; for instance, the right of a widow to share as a child (now repealed §§ 469.070, 469.080) or to one-half of the estate of a husband dying without descendants (now repealed § 469.090).

The provisions of the new probate code so far as relied upon by the State are:

The surviving spouse of an intestate decedent shall receive one-half of the estate "if the intestate is survived by issue, father, mother, brother or sister, or their descendants;" and all of the estate if the intestate be not so survived (Laws 1955, p. 462, § 236, V.A.M.S. § 474.010).

When a married person dies testate: "The surviving spouse, upon election to take against the will, shall receive * * * one half of the estate if there are no lineal descendants of the testator; or, if there are lineal descendants of the testator, the surviving spouse shall receive one-third of the estate;" and "* * * shall be deemed to take by descent * * *" (Laws 1955, p. 465, § 252, V.A.M.S. § 474.160).

"When a surviving spouse makes no election to take against the will, he shall receive the benefit of all provisions in his favor in the will, if any, and shall share as heir, in accordance with the provisions of sections 236 to 238 [V.A.M.S. §§ 474.010 to 474.030] hereof, in any estate undisposed of by the will" (Laws 1955, p. 467, § 259, V.A.M.S. § 474.230).

The State argues that a widow now takes through the intestate laws if her spouse dies intestate (§§ 236 and 474.010, supra) or she takes against the will, which is deemed to be "by descent" (§§ 252 and 474.160, supra), and if she takes under the will she "shall share as heir" (§§ 259 and 474.230, supra); and that the only marital rights under said probate code are an allowance of household goods (Laws 1955, p. 431, § 134, V.A.M.S. § 474.250), an allowance for a year's maintenance (Id., §§ 135 and 474.260, respectively) and a homestead allowance (Id., §§ 138 and 474.290, respectively). We think the word "heir" in § 259, supra, refers to "any estate undisposed of by the will," and not, as claimed by the State, to the estate disposed of by the will; but in our view of the case have no occasion to discuss the issue.

The only reference in terms in said probate code to "marital rights" of a surviving spouse called to our attention or which we have found is in Laws 1955, p. 465, § 251 (V.A.M.S. § 474.150), which authorizes a recovery by the surviving spouse of any gift by the other, whether dying testate or intestate, in fraud of the "marital rights of his surviving spouse" in the circumstances therein set forth. In re Dean's Estate, 350 Mo. 494, 166 S.W.

2d 529, involved the contention of a widow of a testator, who left no child or other descendants and an estate consisting entirely of personal property, for the deduction of one-half of the estate under RSMo 1939, § 325 (now repealed § 469.090) in calculating the inheritance tax payable to the State. The widow did not file an election or renounce the will, and the will did not disclose an intent that the provisions for her benefit were in lieu of her marital rights or any of them. We have a like situation in the instant case. The inheritance tax exemptions involved in the Dean case were: "All transfers of property * * * of the clear market value of twenty thousand dollars to the surviving husband or wife, said exemption to be *in addition to the marital right of the widow* or widower." RSMo 1939, § 576. In sustaining the position of the widow and speaking of the marital rights, we said: "These rights are not like those of a child who can be disinherited. They are absolute, cannot be destroyed by will, and are called marital rights." See 166 S.W.2d loc. cit. 534, 535 [9–13]. Also, with respect to the right of a widow to take a child's part in the personal property under RSMo 1919, § 319 (now repealed § 469.070) and real property under Id., § 324 (now repealed § 469.080) being marital rights of a widow, see In re Rogers' Estate, Mo., 250 S.W. 576 loc. cit. 579. The Rogers case has observations that the inheritance tax law is to be strictly construed against the State, and exceptions are to be liberally construed in connection with the whole body of the law involved (loc. cit. 572 [2]).

█ If, as the State contends, a surviving spouse takes under the new probate code only through the intestate laws or through a will, and the holding in the Rogers case, Mo., 250 S.W. 576, 578 [3, 4], that a widow who renounces the will and elects to take her marital rights does not take under the will or through the intestate laws is no longer the law; nevertheless the rights given a surviving spouse

by Laws 1955, p. 465, § 252, V.A.M.S. § 474.160, are rights arising by virtue of the marriage relation, rights the husband cannot deprive his widow of without her consent, marital rights (see the Dean and Rogers cases, supra), and are expressly exempted from inheritance taxes by the italicized provisions of Laws 1953, p. 739, § 145.090(3), quoted supra.

█ This conclusion is in accord with the legislative intent expressed from time to time in the exemption provisions of the inheritance tax act, and is reasonable as usually the joint efforts of a husband and wife in the discharge of their respective duties as a family unit create the estate. The exemption provisions with respect to a surviving husband or wife originally exempted only property "of the clear market value of fifteen thousand dollars to the surviving husband or wife." Laws 1917, p. 117, § 4. The Rogers case, mentioned supra, involved the estate of a testator whose will was probated in 1920. In 1921 this exemption was changed to read as quoted supra from the Dean case [166 S.W.2d 534], the $20,000 specific exemption being "in addition to the marital right of the widow or widower." 1st Ex. Sess.1921, p. 28, § 561. Then followed In re Bernays' Estate, 344 Mo. 135, 126 S.W. 2d 209, 211, 122 A.L.R. 169, involving a testator who died in 1935 and whose will provided that the provisions therein for his wife "shall be in lieu of her dower, homestead, allowances, rights of election and all other rights in my estate." The Bernays' case is distinguishable from the instant case on the facts and the applicable law. Next was the Dean case by Court en Banc in 1942, discussed supra. In 1943 this provision was changed to allow an exemption of $20,000 in addition to the marital rights of a surviving spouse who renounced the will of a deceased spouse or whose spouse died intestate, and also provided: "if a widow or widower accepts the benefits provided by the will of a deceased spouse said twenty thousand dollar exemp-

tion shall be in addition to an amount equal to the aggregate value of such marital rights to which such widow or widower would have been entitled if such widow or widower had renounced said will or if said spouse had died intestate." Laws 1943, p. 305, § 576. This changed the law announced in the Bernays case, restated in detail the law as announced in the Dean case, making plain that marital rights were deductible whether the will was renounced or not or if the spouse died intestate. There is no contention that the rewording of this exemption provision in 1953 (Laws 1953, p. 739, § 145.090(3), quoted supra and applicable here) effected any change in the law under the 1943 act so far as involved in this case. Respondent says the Attorney General issued an opinion on June 15, 1956, construing the exemption provisions of the inheritance tax law and the new probate code as here contended for by the State and directs our attention to the redrafting of § 145.090(3) by the next General Assembly. We take judicial notice (In re Gerling's Estate, Mo., 303 S.W.2d 915, 920) that the Sixty-ninth General Assembly clarified the situation by expressly providing, so far as here involved, for the exemption of property of the value of $20,000 to a surviving spouse "in addition to the clear market value of one-half of the estate of the decedent, if decedent is not survived by lineal descendants or one-third of the estate of the decedent if decedent is survived by lineal descendants." Laws 1957, p. ——, S.B. 4, § 145.090(3), V.A. M.S.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER·CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.